MURRAY V. MARSHALL.

1. An innkeeper is bound to take extraordinary care. His responsibility approximates to insurance whenever the thing brought to the inn has been confided, expressly or by implication, to his keeping.

2. Where a guest, on leaving a hotel, without the intention of returning as a guest, but without paying his bill, leaves his valise in the charge of the hotel clerk, and returns within forty-eight hours, the innkeeper is liable as a bailee for want of ordinary care, and the loss of the valise raises a presumption of negligence against him.

*Error to County Court of Fremont County.*

THE evidence shows that on the night of the 25th of October, 1880, Marshall, the defendant in error, registered at the McClure House, in Canon City, of which Murray, the plaintiff in error, was proprietor. He registered his name, and was assigned to a room by the clerk, to which he retired, taking his valise with him. The next morning (the 26th) he came down to the office of the hotel, and handed his valise to the clerk, telling him that he would call for it. The clerk took the valise, and put it behind the counter. On the morning of the 28th, he returned to the hotel, paid his bill, and demanded his valise. It could not be found. The value of the valise and its contents amounted, in the aggregate, to $47.45, for which sum the court below gave judgment. To reverse this judgment, plaintiff in error sued out this writ.

Mr. GEORGE C. NORRIS, for appellant.

Mr. AUGUSTUS MACON, for appellee.

ELBERT, J. An innkeeper is bound to take extraordinary care. His responsibility approximates to insurance whenever the thing brought to the inn has been confided, expressly or by implication, to his keeping. Schouler, Bailm. 262. No question is made respecting the liability

of the innkeeper as stated, but counsel insist that the liability of Murray, the plaintiff in error, ceased when Marshall, the defendant in error, left his hotel, leaving his valise in his care; that thereafter he was a bailee without compensation, and liable only for gross negligence.

It is said generally that, after the relation of guest ceases, the innkeeper appears liable only as an ordinary bailee, gratuitous or otherwise, for the inanimate goods his departing guest may have left in his care, unless strict proof be furnished of a different understanding. Schouler, Bailm. 270, and cases cited. Mr. Wharton, in his work on the Law of Negligence (section 687), says: "It is an interesting question how long, when a guest leaves his baggage with an innkeeper, the innkeeper is liable, as innkeeper, for such. Judging from the analogy obtaining as to common carriers, we would conclude that the exceptional and onerous insurance liability of the innkeeper would not continue after the guest had permanently left the inn, allowing, of course, for a few hours which may be necessary for porters to effect a removal." At the same time he cites "as not without weight" the case of *Adams v. Clem*, 41 Ga. 67. In the case cited the guest departed from the inn, leaving her trunk in the possession of the innkeeper, with his consent, to be called for. Upon the following Friday the trunk was called for, but the plaintiff in error had lost it in the meantime, and could not deliver it, nor could he show any diligence in taking care of it. Brown, C. J., says: "We think, in such case, that an innkeeper, with whom the baggage of his guest is left, with his consent, though he gets no additional compensation for taking care of it, is still liable for it as innkeeper, for a reasonable time, to be estimated according to the circumstances of the case, after which he would be only a bailee without hire, and liable as such. We are not prepared to say that the time was unreasonable which intervened

in this case before the guest sent for her baggage." The doctrine of this case seems to rest largely upon the fact that the baggage of the guest was left "with the consent" of the innkeeper; that from his acts, under the circumstances of the case, a contract is to be implied by which the innkeeper consents to continue his liability as innkeeper for a reasonable time. The case of *Giles v. Fauntleroy*, 13 Md. 138, is an authority for saying that the profit which the innkeeper derives from the entertainment of the guests affords a consideration for an undertaking in some respects similar. The court say: "The baggage was that of a guest, who, after paying his bill, was entitled to the use of his room for the whole day. The agent of the landlord undertook to keep the trunk until 4 o'clock, and then send it to a particular steamer. And such an undertaking, it seems, was consistent with what a traveling guest had a right to expect, in accordance with the rules and usage of the house. Conveniences and facilities held out to travelers are matters which influence them in selecting hotels for their accommodation, and the profits which innkeepers derive from the entertainment of their guests afford considerations for such undertakings as the one here alleged."

Departing guests not infrequently leave baggage in care of the innkeeper for a few hours or a few days, to be called for or to be forwarded to some designated destination. The great increase of modern travel creates an increased demand for more extensive accommodations in this respect. With a view of influencing travelers in selecting their hotels, innkeepers, more or less, generally respond to this demand, and provide increased accommodations, and assume voluntarily duties respecting the baggage of guests thus left in their charge. In such case, if the liability of the innkeeper is that of bailee without compensation, guests are left with little or no protection. The cases cited show a tendency to enlarge it.

In the case at bar, the defendant in error left on the

morning of the 26th, and returned on the morning of the 28th, an absence of about forty-eight hours. While it appears from his testimony that he did not at the time expect to return to the hotel as a guest, it also appears that he did not pay his bill upon departing from the hotel, but left it unpaid until the morning of the 28th, when he returned to get his valise. He paid his bill, but the plaintiff in error was unable to deliver or account for his valise. Under the facts, we think he should be held liable. The baggage was left with his consent, and the time was not unreasonable. In addition to this, for the unsettled bill of the defendant in error the law gave the plaintiff in error a lien upon the baggage left in his care. Whether the baggage was left and retained with such a view does not affirmatively appear, nor is it necessary to the lien that it should. We must treat the baggage as having that *status* which the law assigns it in the absence of anything showing that the plaintiff in error waived his right to the lien. His *lien* as an innkeeper would seem to involve a concession of his *liability* as an innkeeper, since the law gives the lien on account of his extraordinary liability. *Grinnell v. Cook*, 3 Hill, 485. If the fact that the defendant in error had departed without any intention of returning in the character of guest can be said to affect this proposition, then the *status* of the plaintiff in error was that of a bailee holding property upon which he had a lien as security for a sum due. In this character he was bound to ordinary diligence and ordinary care, and upon the demand of the baggage by the defendant in error it was not sufficient to say that it had been lost, or that he supposed it had been carried off by some drummer. The loss, under such circumstances, is *prima facie* evidence of negligence, and it lays with the pawnee to destroy the presumption. 2 Kent, Comm. 581; Schouler, Bailm. 192; *Murray v. Clarke*, 2 Daly, 102.

The judgment of the court below is affirmed.

*Affirmed.*