[No. 1529.]

THE BROWN HOTEL CO. v. BURCKHARDT.

1. APPELLATE PRACTICE—REVIEW OF EVIDENCE.
A cause on appeal will not be reviewed on the evidence where the record does not contain all the evidence introduced in the trial of the case.
2. EVIDENCE—PRESUMPTIONS.
The positive testimony of a guest that on leaving the hotel for the day he paid his bill so as to cash a draft, and that it was understood between him and the hotel officials that he would return in the even-

ing and retain his same rooms, overcomes any presumption of intention to leave the hotel that might arise from the payment of his bill up to the time of his temporary departure.

3. HOTELS AND GUESTS—BAILEES.

Where a guest of a hotel leaves the hotel, leaving his baggage which the hotel company stores, the hotel company becomes a bailee of the baggage and is liable for its loss.

4. HOTELS AND GUESTS—VALUABLES—NOTICE.

A notice posted in the rooms of a hotel directing guests to leave their valuables at the office does not apply to mineral specimens in a guest's trunk.

5. SAME.

In an action against a hotel company by a guest for the value of a trunk and its contents, the fact that the trunk contained valuable specimens that should have been left at the office in accordance with posted notice cannot be urged as a reason for reversing the judgment, where the court refused to include the value of the specimens in his judgment, and only rendered judgment for the value of the trunk and the clothing it contained.

*Appeal from the District Court of Arapahoe County.*

Messrs. TELLER, ORAHOOD & MORGAN, for appellant.

Messss. ROGERS, CUTHBERT & ELLIS, for appellee.

WILSON, J.

The plaintiff and his family, while traveling, became guests of the defendant company at its hotel in Denver. During a stay of some days, they made an excursion to Silver Plume, leaving in the morning after breakfast and returning on the evening of the same day. Upon their departure, they left their trunks, four in number, in their rooms, locked the doors of their rooms, and delivered the keys at the clerk's office. Upon their return in the evening, they found that their rooms had been assigned to and were occupied by other guests, and were told that their trunks were stored in the basement. They were given other rooms, but upon response to an order for the delivery of their baggage at their rooms, it was discovered that one of the trunks was missing. The

trunk was never found, and this suit was brought to recover its value and that of its contents. Judgment was for plaintiff, and defendant appeals.

The first contention of defendant is that there was not evidence sufficient to sustain a finding even that the trunk was lost. The judgment is not only not manifestly against the weight of the evidence as to the facts necessary to support it, but the weight of the evidence seems to be in favor of it. This position of defendant is therefore untenable. Moreover, under another well settled rule, we would be precluded from reviewing this case upon the evidence as to the facts, because it clearly appears from the record itself that all of the evidence given at the trial has not been brought to this court. The depositions of two witnesses, one of plaintiff himself and the other of his wife, both of which were read at the trial, are left out of the record before us. As one of these witnesses was the plaintiff himself and the other his wife, and both of them, it is apparent, had personal knowledge of facts material to the determination of the case, it must be presumed that their testimony as given in their depositions was material. *Hoagland v. Cole*, 18 Colo. 426.

It is urged by defendant, however, that on the morning when the plaintiff left for Silver Plume, the relation of innkeeper and guest had ceased, and that therefore the defendant was not responsible for the baggage. This claim is based upon the fact that on the evening before his departure for Silver Plume, the plaintiff had paid his entire hotel bill, up to and including breakfast the next morning. From this the defendant company argues that plaintiff had no intention of returning, and that this severed the relationship of host and guest. Plaintiff explains this by saying that his object in making the payment was to have a draft cashed, so that he could get some change for current expenses. He further testifies positively that it was understood between him and the hotel officials that he would return in the afternoon and retain his same rooms, that he gave no order whatever for the removal of his baggage, and in no manner assented to the

surrender of his rooms.    We think that this testimony fully overcomes any presumption of intention to leave the hotel, which might arise from the payment of the bill which had accrued up to the time of his temporary departure for a few hours.    Even if the contention of defendant was true, it became the bailee of the property, and under the evidence of this case would be liable as such for its loss.    The law as to the extent and character of the liability of innkeepers, so far as applicable to the facts of this case, has been settled in this jurisdiction.    *Murray v. Marshall*, 9 Colo. 482.    A repetition of the reasoning and arguments in this case would serve no useful purpose.    It would add no force to the conclusions there announced, or the views therein expressed.

Another contention of defendant is that it should not be liable, because of the contributory negligence of the plaintiff. This is alleged to have been occasioned by plaintiff having in the lost trunk some mineral specimens, to which he attached considerable value, and that posted in a conspicuous place in each room in the hotel was a notice directing the guests, in case of having valuables, to leave them in the vaults provided at the office.    Waiving the question as to how far and to what extent the notice affected plaintiff, we do not think from the evidence in this case that the specimens were of the character to which such notice applied or was intended to apply.    In any event, the court expressly declined to render any judgment for the value of the specimens, giving judgment only for the value of the trunk and the clothing which it contained ; and therefore the rule contended for by defendant could not apply.

This substantially covers all of the alleged errors discussed by defendant in its brief.    We see nothing which calls for or would justify a reversal of the judgment, and it will therefore be affirmed.

*Affirmed.*