[No. 4986.]
[No. 2526 C. A.]

AUSTIN v. VAN LOON.

**Practice in Civil Actions — Trover and Conversion — Stock — Increase—Statute of Limitations.**

Plaintiff delivered certain cattle to defendant, and agreed to herd and not to remove them from the state of Kansas, and to deliver them, with their increase, to plaintiff on demand, for which service defendant was to receive a certain sum per head per month. Defendant, without plaintiff's knowledge or consent, removed the cattle to Colorado in 1890, and on or about the 5th day of October, 1897, plaintiff first demanded the cattle and their increase and tendered the amount due the defendant under the contract, which the latter refused. Held, that plaintiff's cause of action for conversion of the cattle, for the purpose of starting the statute of limitations, accrued, not on the date defendant removed the cattle from Kansas, but on the date of his refusal to deliver them to plaintiff.—P. 199.

*Error to the District Court of Cheyenne County.*
*Hon. H. G. Lunt, Judge.*

Action by William E. Austin against Henry Van Loon. From a judgment in favor of defendant, plaintiff brings error.          *Reversed.*

Mr. H. M. MINER, for plaintiff in error.

Messrs. TALBOT, DENNISON & WADLEY, for defendant in error.

In November, 1897, plaintiff in error brought an action to recover from the defendant in error the

value of certain cattle. His right of action was based upon averments in the complaint substantially as follows: That in May, 1890, in Gove County, Kansas, he and defendant entered into a contract, under and by virtue of which he delivered to the defendant certain cattle, who agreed to herd and keep them on the Smoky Hill River, above Russell Springs, in Kansas, and not to remove them from that state, and to deliver them, together with the increase, to the plaintiff in the county of Gove on demand. For these services the defendant was to receive a specified sum per head per month; that the defendant, without the knowledge, consent or permission of the plaintiff, in the fall of 1890, removed these cattle from Kansas to the county of Cheyenne, in the state of Colorado, where the defendant now resides; that on or about the 5th day of October, 1897, in the county of Cheyenne, plaintiff demanded of the defendant the cattle and their increase, and then and there offered to pay the defendant the amount due him under the contract, and that defendant refused to deliver either the cattle originally delivered or their increase. The reasonable value of the stock is averred, and judgment prayed accordingly. To this complaint a demurrer was interposed, based upon several grounds, but we shall only consider the one to the effect that the action was barred by the statute of limitations, as that was the only ground passed upon by the trial court. It was held below that the statute of limitations barred the action, and the cause was dismissed. Plaintiff brings the case here for review on error.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

Counsel for defendant in error concede that this is an action in trover for the value of property converted, and contend that the conversion occurred

when the cattle were removed to this state, and, therefore, the statute of limitations bars the action, for it was not commenced for more than six years after such removal. On behalf of plaintiff, counsel claim there was no conversion until after the demand upon defendant to deliver the cattle and his refusal to comply with that demand. The important question to determine is, whether or not the removal of the cattle, in the circumstances disclosed by the complaint, was a conversion thereof. A conversion, in the sense of the law of trover, consists either in the appropriation of a chattel by a party to his own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it to the exclusion or in defiance of the rights of the owner, or in withholding the possession from the owner under a claim of title inconsistent with the title of the latter.—2 Greenleaf, § 642. None of these elements of trover are present in the case at bar, in so far as disclosed by the averments of the complaint. The defendant was the bailee of the cattle. He was to herd and keep them for an agreed compensation. He was in the rightful possession of them at the time they were removed. The plaintiff had no right to the possession until demand and tender of the amount due the defendant under the contract. The plaintiff, by the action of the defendant in removing the cattle, was not deprived of any dominion or control over them he did not theretofore possess. The defendant violated his contract, but in so doing he in no manner exercised control or dominion over or made use of the cattle different from what he would had he continued to herd them on the range agreed upon. Such violation did not affect or change the condition of the cattle, nor did defendant thereby deny the plaintiff's title or evidence an intent to convert them to his own use. The status and rights of the parties, by the violation

stated, so far as this case is concerned, were no different from what they would have been had defendant ranged the cattle below, instead of above Russell Springs, as agreed. A mere change in the range was in no sense an appropriation. The removal pleaded was a breach of the contract, with respect to the place the defendant should herd and keep the cattle, and nothing more, and did not amount to a conversion.—*Sparks v. Purdy,* 11 Mo. 219; 28 Am. & Eng. Enc. of Law (2d ed.), 682; Wood on Lim. (3d ed.), § 184, p. 421.

The statute of limitations does not begin to run in favor of a bailee until he converts the property to his own use.—*Reizenstein v. Marquardt,* 1 L. R. A. 318. We are of the opinion there was no conversion until the refusal of the defendant to deliver the cattle to the plaintiff, and that the court erred in sustaining the demurrer to the complaint upon the ground we have considered.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.