## No. 9877.

THE DUTTON HOTEL COMPANY, ET AL. v. FITZPATRICK.

Decided November 8, 1920.

Action by guest against a hotel corporation for conversion of baggage. Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. LIMITATIONS—*Conversion—When Statute Begins to Run.* In a suit by a guest against a landlord for conversion of baggage, the action did not accrue until demand, the refusal of which constituted conversion, at which time the statute of limitations began to run.

2. STATUTE—*Application.* Sec. 6, c. 192, S. L. 1907, concerning the liability of hotel keepers for baggage left in their charge, applies to baggage left for safe keeping only, not to that in pledge.

3. CORPORATIONS—*Effect of Dissolution on Previous Liabilities.* The dissolution does not affect remedies against the corporation.

4. ACTIONS—*Lien on Chattels.* The remedy against the holder of a chattel under lien, is to tender satisfaction of the lien and demand possession. Upon refusal, which would amount to conversion, trover lies.

5. PLEDGE AND PLEDGEE—*Negligence—Burden of Proof.* Loss by a pledgee is *prima facie* proof of negligence, and the burden is upon him to rebut it.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Mr. JOHN HORNE CHILES, for plaintiffs in error.

Mr. E. L. CLOVER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Dutton Hotel Company, plaintiff in error and defendant below, was an innkeeper. The defendant in error, plaintiff below, a guest at its hotel in 1911, left owing a bill and the defendant retained her trunk as security for the same.

In 1915 the defendant corporation was dissolved under the statute. The individual defendants were officers, directors and the principal stockholders thereof.

In 1917 the defendant paid $50 on the bill and in 1918 she came to Denver from Nebraska and demanded the trunk but was told by defendant, Frank Dutton, that it could not be found, whereupon she brought suit for conversion and had judgment.

The defendants move for supersedeas. They make four points in argument and we shall notice no others.

1. That the action was barred by the statute of limitations.

2. That the verdict was excessive.

3. That the action cannot be maintained against a dissolved corporation.

4. That the action cannot be maintained without showing negligence on the part of the defendants, and that none is shown.

The action did not accrue until demand. *Austin v. Van Loon,* 36 Colo. 196, 85 Pac. 183. Until then the defendant was in lawful possession. The refusal constituted the conversion; therefore the limitation, six years, had not run when the suit was commenced. See also *Carper v. Risdon,* 19 Colo. App. 530, 76 Pac. 744.

As to the damages the evidence would have justified

greater damages. The statute 1 Mills (1912) § 3447, S. L. 1907, p. 430, § 6, applies to baggage held for safe-keeping only, not to that in pledge.

The dissolution does not affect remedies against the corporation.

The dissolution for any cause whatever, of corporations created as aforesaid, shall not take away or impair any remedy given against such corporations, its stockholders, or officers, for any liabilities incurred previous to its dissolution. R. S. 1908 § 899, G. S. § 270; G. L. § 223.

The remedy against a holder of a chattel under a lien is to tender satisfaction of the lien and demand possession. Upon refusal, which would amount to conversion, trover lies. That was the case here.

The argument of defendant is that since the conversion did not take place till after the dissolution the corporation cannot be liable for it. The answer is that the tender and demand was the remedy which existed before and at the dissolution, and under the above section the plaintiff could pursue that remedy to its ultimate result, a judgment for conversion.

The corporation was holding by innkeeper's lien, or as pledgee. *Murray v. Marshall*, 9 Colo. 482, 485, 13 Pac. 589, 59 Am. Rep. 152. If the former it was bound to extraordinary care; if the latter to ordinary care; and, under the instructions, the jury must have found that it did not exercise such care. It is claimed that there was no evidence to justify such a finding, but it appears that a few months after plaintiff left its hotel defendant sold out its business, and, without notice to plaintiff, left the trunk in a baggage room without taking any receipt or memorandum from the purchaser or telling him the nature of the possession, or, according to his testimony, even telling him that the trunk was there and then made no inquiry for years. We could not say that the jury was not justified in its finding even if the burden were on plaintiff, but loss by a pledgee is *prima facie* evidence of negligence and the burden is on him to rebut it.

*Murray v. Marshall, supra; Nutt v. Davison,* 54 Colo. 586, 131 Pac. 390, 44 L. R. A. (N. S.) 1170.

The supersedeas should be denied, and judgment affirmed.

MR. JUSTICE BAILEY and MR. JUSTICE TELLER concur.