[No. 4999.]

## CLARK V. BALL.

1. **Innkeepers—Liability for Loss of Property—Pleading.**

The first requisite of the extraordinary liability imposed upon an innkeeper for property lost or injured is that the relation of innkeeper and guest should have existed between the parties at the time or shortly preceding the time the loss or injury occurred. After the relation of innkeeper and guest ceases the guest has a reasonable time within which to remove his property from the hotel, and thereafter the innkeeper is liable only as a bailee, in the absence of an express contract to the contrary. In order to hold defendant to the extraordinary liability of an innkeeper the complaint should allege the existence of the relation of innkeeper and guest at the time, or within a reasonable time, of the loss.

2. **Same—Partnership.**

Where two persons are conducting a hotel as copartners, the receipt of a deposit by one of the partners from a guest is within the scope of his authority as a member of the firm, and imposes a liability upon the firm and the members thereof to return the deposit upon demand regardless of whether or not the relation of innkeeper and guest exists at the time of such demand.

3. **Same—Pleading.**

Where plaintiff, a guest of a hotel, deposited money with a member of the copartnership firm conducting the hotel, and thereafter became an employee of the firm and servant in the hotel before the loss of said money by the absconding of the member of the copartnership with whom the money was deposited, the copartnership and the member not absconding were liable to plaintiff, and it was not necessary to allege or prove that plaintiff was a guest of the hotel at the time of the loss by the embezzlement of the absconding member.

**4. Same—Instructions.**

In an action against a copartnership firm who were conducting a hotel, to recover money deposited by plaintiff while a guest of the hotel with a member of the firm who afterwards absconded taking with him plaintiff's money, an instruction that such copartnership was a nontrading copartnership and that the rule that one copartner in a general partnership is bound by the acts of his copartner while acting within the scope of the partnership business did not apply to the case was properly refused.

*Appeal from the District Court of Saguache County: Hon. Charles C. Holbrook, Judge.*

Mr. WM. MELLEN, Mr. JOHN I. PALMER and Mr. G. D. BARDWELL, for appellant.

Mr. JOHN W. DAVIDSON, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Appellee, as plaintiff below, prosecuted this action against James Fogarty and John Clark, defendants, a copartnership in the hotel business, to recover the sum of $650 alleged to have been deposited by plaintiff, as a guest of the hotel, with Fogarty, one of the members of the copartnership.

Briefly stated, the material averments of the complaint are: That the defendants on the 25th day of December, 1900, were copartners and doing business as such in the town of Moffat in conducting a hotel; that on said date the plaintiff was a guest of the hotel conducted by the defendants; that as a guest of the hotel, plaintiff, on the 25th day of December, 1900, deposited with Fogarty, one of the members of said copartnership, the sum of $650 for safe-keeping; that the money was deposited with Fogarty upon the representation that he was a partner in the hotel business and that the copartnership would be responsible for the safe return of the money upon the request of plaintiff; that on December 30 plaintiff demanded

the money, but the defendants refused and still refuse to pay the same.

The answer was in effect a general denial.

There was evidence tending to prove that the defendants were copartners in the hotel business; that December 25 plaintiff became a guest of the hotel conducted by defendants; that on that date and while a guest of the hotel she deposited with Fogarty $650 for safe-keeping; that on the next day, or the 26th of December, plaintiff became an employee of the hotel and as such employee remained at the hotel until after January 1, 1901; that two or three days after the plaintiff deposited the money with Fogarty she asked him for it, when he informed her that it was upstairs in his trunk and gave her $5, which seemed to satisfy her needs at that time; that on or about January 1, 1901, Forgarty absconded.

A trial to a jury resulted in a verdict of $645 in favor of appellee against the defendants, upon which verdict a judgment was rendered for the amount thereof, from which judgment Clark appealed to the court of appeals.

The jury in arriving at its verdict must have found that a copartnership existed between Fogarty and Clark in the hotel business; that appellee was a guest of the hotel at the time she deposited the money with Fogarty; that she deposited the money with Fogarty as a member of the copartnership, and not in his individual capacity, and that the money had not been returned to her.

There being evidence in support of these findings, under the well-settled rule of this court the verdict of the jury is conclusive upon those points.

It is contended by appellant that the complaint is fatally defective in that it does not allege that appellee was a guest of the hotel at the time of the loss of the money, and that the judgment should be

reversed for the reason that the evidence shows conclusively that at the time the money was lost she was not a guest.

These contentions will be considered and disposed of together.

It is true that the complaint does not allege and the evidence does not show that appellee was a guest of the hotel at the time Fogarty absconded, or at any other time after December 25, the date when the money was deposited with Fogarty for safe-keeping.

The law is that the first requisite of the extraordinary liability imposed upon an innkeeper is that the relation of innkeeper and guest should have existed between the parties at the time the loss or injury occurred or shortly preceding such loss or injury; that after the relation ceases the guest has a reasonable time within which to remove his property from the hotel and thereafter the innkeeper is liable only as a bailee gratuitous, or otherwise, in the absence of an express contract to the contrary; that the complaint should allege the existence of the relation of innkeeper and guest at the time of the loss or within a reasonable time preceding.—*Murray v. Marshall,* 9 Colo. 482; *Towson v. Bank,* 6 Har. & J. (Md.) 47, 14 Am. Decs. 254, 16 A. & E. Ency. 530.

However, the above principles of law are not decisive of the liability of appellant Clark under the facts of this case.

Fogarty and Clark were copartners in the hotel business. The receipt of the deposit by Fogarty from a guest of the hotel was within the scope of his authority as a member of the firm, and his act in that behalf imposed a liability upon the firm and the members thereof to return the deposit upon demand regardless of the existence or nonexistence of the relation of innkeeper and guest at the time the demand was made. In other words, under the facts of

this case, the liability of appellant Clark is determined by the law of partnership and not by the law governing innkeepers.

No citation of authorities is necessary in support of the principle that any act of a member of a copartnership within the scope of his authority is binding upon all the partners as a firm. Nor is it necessary to cite authorities to the proposition that one member of a firm of hotel or innkeepers, by the very nature of the business in which the firm is engaged, is authorized to receive from a guest of the hotel a deposit of money, valuables or other property for safe-keeping.

Our conclusion is, recognizing the law of the liability of innkeepers as above stated, under the peculiar facts of this case, it was unnecessary to allege or prove that the plaintiff was a guest of the hotel at the time of the loss of her money by the embezzlement of Fogarty.

There is nothing in the contention of appellant to the effect that the character of the deposit was changed from a partnership transaction to a personal or individual transaction with Fogarty, by anything said or done by appellee, two or three days after she made the deposit with Fogarty and received from him $5.

Appellant tendered an instruction to the effect that if the jury found that a copartnership existed between the defendants that such copartnership was a nontrading copartnership, and that the general rule that one copartner in a general partnership is bound by the acts of his copartner, when acting within the scope of partnership business, should not prevail in this case.

This instruction was refused, and error is assigned thereon and argued here.

There was no error in refusing this instruction under the facts as developed at the trial. The in-

struction given fully and fairly stated the law to the jury.

There being no error in the record, the judgment must be affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.