No. 9219.

## NEW ALBANY HOTEL COMPANY *v.* DINGMAN.

1. INNKEEPER—*Liability for Baggage of Guest.* A lady having paid her bill at defendant's hotel, was, upon her request told by the clerk that her baggage should be sent to her residence. The baggage was then brought by a servant to the baggage room, and while the servant was looking for an expressman, was stolen. *Held* that the case was not within (Rev. Stat., sec. 3012), and that defendant was liable for the full value.

Held further that the loss was not from an unseen cause, with (Rev. Stat., sec. 3013).

2. ——*Circumstances,* may afford an effectual contradiction of sworn testimony.

3. WORDS AND PHRASES—*"Unforseen Causes,"* within (Rev. Stat., sec. 3013), cannot be anticipated as likely to occur.

Theft of the baggage of a guest at an inn, or an ordinary burglary, is not within the statute.

4. APPEAL AND ERROR—*General Findings—Presumptions.* Presumed that the court found all facts necessary to support the judgment.

*Error to Denver County Court, Hon. E. J. Ingram, Judge.*

Mr. J. W. KELLY, Mr. JOHN HORNE CHILES, for plaintiff in error.

Mr. HARRY G. SAUNDERS, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action brought by the plaintiff, who had been a guest at the defendant's hotel, against the defendant hotel company, as an innkeeper, to recover damages occasioned by the loss of a part of the plaintiff's baggage from the hotel. The case was originally instituted in a Justice Court, and there are, therefore, no pleadings. On appeal to the County Court, and upon trial before the judge thereof, without

a jury, the court found the issues, generally, for the plaintiff and further found specially that the plaintiff "was a guest of the defendant company, and that her baggage was stolen from the baggage room of the hotel during the time she was a guest of the hotel." Judgment was entered for plaintiff in the sum of $300.00. To review the findings and judgment of the trial court, the defendant brings the cause here upon writ of error.

It is conceded that two pieces of baggage, the same being a suit case, and a traveling bag, belonging to the plaintiff, were stolen from the baggage room of the defendant's. hotel.

The plaintiff in error, defendant below, contends that, at the time the baggage was stolen, the plaintiff had ceased to be a guest of the hotel. In other words, the contention is that the defendant was not liable as an innkeeper for the loss of the baggage, but if liable at all, then only as a gratuitous bailee, as provided by section 3012 R. S. 1908, sec. 3447 M. A. S. 1912, which reads as follows:

"In case any person who has been the guest or patron of any hotel or public inn shall cease to be such guest or patron, and shall leave with the landlord or keeper of such hotel or public inn any baggage or other personal property, for safekeeping, and the landlord or keeper shall accept and receive the same for safe keeping, and shall make no charge for services or storage in keeping such property, then such landlord or keeper of a hotel or public inn shall be liable only as a gratuitous bailee and as such shall be liable for no sum greater than fifty dollars ($50.00)."

The contention, above mentioned, cannot be sustained. The evidence clearly shows that, at the time the baggage was stolen, the plaintiff was a *guest* of the hotel, in the sense that the relationship of innkeeper and guest still existed between the parties, so far as the defendant's liability as an innkeeper for the loss or theft of the baggage of a guest is concerned. The plaintiff became a guest at the defendant's hotel on November 15, 1918, and remained such

guest until some time in the forenoon of November 20th. On the morning of the day last mentioned, the plaintiff checked out, received a statement from the defendant's bookkeeper, and paid her hotel bill. At the same time, the plaintiff asked the bookkeeper if she could arrange to have her "baggage transferred" to her residence. The defendant's employe at once answered in the affirmative, and called a porter from some place in the lobby of the hotel, and informed him of the plaintiff's request or desire to have her baggage removed. The evidence shows that the porter then went to the room which had been occupied by the plaintiff "to get her baggage," and, as he further testified, "took the baggage to the baggage-room, and went and notified an expressman." The testimony fairly shows that the plaintiff's suitcase and traveling bag were stolen from the baggage-room of the hotel within a very few minutes after they were taken there.

Under the circumstances above described, the statute relied on by the defendant can have no application. The facts hereinbefore noted do not show that the plaintiff left her baggage with the defendant landlord "for safe keeping," within the meaning of the statute in question. The plaintiff merely left her goods at the hotel to be removed at the earliest possible time, and for this purpose the baggage was taken, with the defendant's knowledge and consent, to the baggage room of the hotel, and it was there placed and left under circumstances indicating that it would be removed forthwith. It was not contemplated by any one that the baggage would remain at the hotel any longer than it would take to find and notify an expressman, and for him to arrive and remove the same. In the meantime the defendant hotel company remained liable as an innkeeper, not as a gratuitous bailee, and it was while this liability attached that the baggage in question was stolen. The law in this respect is as stated in 14 R. C. L. 532, sec. 31, as follows:

"The innkeeper's liability does not, however, cease at the very instant a guest leaves the inn, but the latter has a

reasonable length of time, dependent on the circumstances of the case, in which to remove his goods, during which period the extraordinary liability of the innkeeper continues."

The same rule has been laid down by this court in *Murray v. Marshall*, 9 Colo. 482, 13 Pac. 589, 59 Am. Rep. 152, and approved in *Clark v. Ball*, 34 Colo. 223, 82 Pac. 529, 114 Am. St. Rep. 154, 2 L. R. A. (N. S.) 100. The *Murray* case is cited in 22 Cyc. 1088, in support of the text, which reads as follows:

"After a guest pays his bill and departs, leaving goods to be at once removed, the innkeeper's liability for the goods continues for a reasonable time pending removal."

The record shows that the two pieces of the plaintiff's baggage were stolen from the defendant's baggage room before an expressman could or did arrive to remove the same. The baggage was stolen while the defendant's liability with respect to the same was yet that of an innkeeper. The trial court committed no error in finding that the baggage was stolen "during the time" the plaintiff "was a guest of the hotel." The statute, above cited, having no application in the instant case, the trial court properly refused to limit defendant's liability to $50.00 as provided by the statute in cases where the baggage is left with the landlord "for safe keeping."

The defendant further contends, in effect, that the loss of the plaintiff's baggage was due to an "unforeseen cause," and that it, the defendant hotel company, is, on this account, relieved of all liability by section 3013 R. S. 1908, sec. 3448 M. A. S. 1912, which reads as follows:

"The landlord or keeper of any hotel or public inn shall not be liable for loss of or damage to the property of any guest or patron of such hotel or public inn by fire or by any unforseen causes or by inevitable accident, unless such loss or damage shall occur on account of his negligence or the negligence of his servants or employes."

This statute precludes the application or adoption in this

state, of the strict rule, relating to an innkeeper's liability, sometimes referred to as the "doctrine of absolute liability." See 14 R. C. L. 514, sec. 18. This rule is referred to in 22 Cyc. 1081, as one by which "he (the innkeeper) is liable, like the carrier, for all goods of the guest lost in the inn, unless the loss happens by the act of God or a public enemy or by the fault of the owner." Under our statute, the keeper of any hotel or public inn is not liable if it is shown the loss of the goods or baggage was due to "unforeseen causes" and happened without fault or negligence on his part.

"Unforeseen causes" are causes which are not foreknown. 39 Cyc. 685. They may be said to be causes which could not have been foreseen as likely to arise or occur. See *Viterbo v. Friedlander*, 120 U. S. 707; 7 Sup. Ct. 962, 30 L. Ed. 776.

It is a matter of common knowledge that losses of baggage by theft are likely to occur. It is clear that such losses cannot be said to be due to an unforeseen cause. Even an ordinary burglary is not an "unforeseen cause," within the meaning of the statute, since it is not unlikely to happen, and it is the recognized duty of an innkeeper to guard against the same as well as against larceny. The following language is found in the opinion in *McDaniels v. Robinson*, 26 Vt. 316, 62 Am. Dec. 574:

"It must be obvious to all that an ordinary burglary, such as might have been expected to happen upon proper temptation, should have been provided against by the host, and the omission to do so is itself negligence. * * * And following the general rule of diligence, on the part of innkeepers, of 'uncommon care,' as laid down by Lord Holt, or as some of the books have it, 'the extremest care,' it would certainly be incumbent upon them so to fasten the inn itself, where their guests lodge, that it would not be broken by common force or art."

An innkeeper is bound to foresee or foreknow that thefts and burglaries, if not guarded against, are liable to happen within his inn. Ordinarily, therefore, a loss of baggage as

the result of a theft or burglary is not a loss "by any unforeseen causes," within the meaning of the statute.

The trial court made no specific finding as to whether or not the loss of the plaintiff's baggage was due to an unforeseen cause, and it must therefore be assumed that the court found all those facts which are essential to the judgment rendered, including the fact that the loss of the property was not occasioned by any unforeseen cause. In this connection, the judgment is not manifestly against the weight of the evidence, but is well supported by the evidence, and therefore cannot be disturbed.

The defendant requested the court to find that "the outer rear door of the hotel was forced open and the property of the plaintiff taken and carried away by thieves, without any negligence on the part of the employes of the hotel, or on the part of the defendant." The request was refused, and the court having found that "the baggage was stolen from the baggage room," it may be assumed that the court refused the request to find that "the outer rear door of the hotel was forced open" because the evidence, including all reasonable inferences which could be drawn from the testimony, was not sufficient to justify such a finding. There was some testimony that the outer door of the baggage room "was pried open some way" and that "the hinges were broken off," but, in some degree this testimony was contradicted by circumstances disclosed by other evidence, and the court was not, therefore, bound to take this testimony as true. As said in *Gregory v. Filbeck's Estate*, 20 Colo. App. 131, 134, 77 Pac. 369, quoting from a New York case, (*Elwood v. W. V. Tel. Co.*) 45 N. W. 549, 6 Am. Rep. 140:

"He (the witness) may be contradicted by circumstances as well as by statements of others contrary to his own. In such cases, the courts and juries are not bound to refrain from exercising their judgment and to blindly adopt the statements of the witness, for the simple reason that no other witness has denied them, and that the character of the witness is not impeached."

The record discloses some circumstances from which the trial court might have inferred that no burglary attended by unexpected or unforeseen force, or other unforeseen circumstances, was committed at the hotel, but that the baggage was lost as the result of a larceny or of an ordinary burglary, "by common force or art," which, for reasons above stated, would not be a loss due to an "unforeseen cause," within the meaning of the statute.

We find no error in the trial court's failure to render judgment for defendant on the ground that the loss of the plaintiff's goods was due to an unforeseen cause.

Other points are discussed in the briefs, but we do not deem them of sufficient importance, in this case, to require an opinion thereon. We find no reversible error in the record, and the judgment is, therefore, affirmed.

Affirmed.

Decision *en banc*.

Decided January 6, A. D. 1919. Rehearing denied June 2, A. D. 1919.