591 P.2d 1348 (1979)
Peggy L. FRAZIER, as General Partner of Carlin and Frazier Development Company and Shirley Phillips, Herbert Rutledge, Betty Rutledge, Fred A. Cassel, Jr. and Richard Hlasnicek, all in their capacity as Limited Partners of Carlin and Frazier Development Company, Plaintiffs-Appellants,
v.
Ann CARLIN, as General Partner of Carlin and Frazier Development Company, and Ann Carlin, Individually, Defendant, and
Monico Villa Group, a general partnership and J. Willard Freeman, James C. Wilson, Thomas C. V. Watkins, Harvey W. Lance, Evelyn W. Lance, James E. Gerstel, Kenneth P. Zander, Michael G. Fadden, Ubaldo F. Padilla, Thomas F. Taylor and Judith A. Taylor, Individually and as general partners in Monico Villa Group, Intervenors-Appellees.
No. 78-184.
Colorado Court of Appeals, Division II.
March 1, 1979.
*1349 J. D. Pearson, Denver, for plaintiffs-appellants.
Dietze & Davis, Joel C. Davis, William D. Bremer, Boulder, for intervenors-appellees.
VanCISE, Judge.
In this action for conversion and restitution, the intervenors, Monico Villa Group (MVG), a general partnership, obtained a judgment against Carlin & Frazier Development Co. (Carlin-Frazier), a limited partnership, and against the general partners, Ann Carlin and Peggy L. Frazier, individually. Frazier, individually and as general partner of the limited partnership, appeals, and we affirm.
The undisputed facts are as follows. Carlin-Frazier owned, and its purpose was to develop, certain unimproved land east of Boulder. MVG owned certain apartments in Boulder, Colorado. Carlin served as trustee, agent, and manager of MVG.
In 1974 Carlin proposed that the MVG partners participate with Carlin-Frazier in the formation of a new limited partnership, to be known as the Willow Ridge Investment Company. Willow Ridge was to develop apartments or condominiums on the land owned by Carlin-Frazier. Apparently the MVG partners were to become limited partners in Willow Ridge and Carlin-Frazier would be the general partner. The MVG partners were to purchase their limited partnership interests in part by obtaining from Globe Industrial Bank a $60,000 loan secured by a second mortgage on the MVG properties. In any event, Willow Ridge Investment Company was never formed or funded.
On May 23, 1974, pursuant to written consent of the MVG partners, Carlin, in her capacity as trustee, borrowed $60,000 from the Globe Industrial Bank and gave a second deed of trust on the assets of MVG. Carlin used some of the loan proceeds to pay off an earlier encumbrance of MVG, and deposited the $48,713.12 balance in Carlin-Frazier's checking account. The funds so deposited were never used to purchase limited partnership interests in Willow Ridge. Instead, as the trial court found, $13,013.12 was used by Carlin-Frazier for business purposes of Carlin-Frazier, in furtherance of the Willow Ridge project, and the remaining $35,700 was withdrawn by Carlin for her personal use.
Thereafter, Frazier and certain of the limited partners of Carlin-Frazier Development Co., in their capacity as general and limited partners, brought an action against Carlin, both individually and as a general partner of Carlin-Frazier. MVG and its partners then intervened in the suit, claiming that the plaintiffs and defendants were liable to it for $48,713.12. The trial court held that Carlin, Frazier, and Carlin & Frazier Development Co. were all jointly and severally liable to MVG.

*1350 I.
Frazier first contends that the trial court had no jurisdiction to render a judgment against Carlin-Frazier because the Carlin-Frazier limited partnership was not specifically named as a party by the intervenors. Instead, the intervenors named only Frazier and Carlin, in their capacities as general partners, certain other persons in their capacities as limited partners of Carlin-Frazier, and Carlin individually.
At common law a partnership could sue or defend only in the names of its members. See United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975 (1922); Thomas v. Dunne, 131 Colo. 20, 279 P.2d 427 (1955). However, under the "common name statute," § 13-50-105, C.R.S.1973, a partnership or other unincorporated association may sue or be sued in its common name. See C.R.C.P. 17(b), 54(e). The statute, however, is permissive and not mandatory. See Peabody v. Oleson, 15 Colo.App. 346, 62 P. 234 (1900); Morrison-Knudson Co. v. Rocky Mountain Chapter, National Electrical Contractors Ass'n., 236 F.Supp. 436 (D.Colo.1964). Thus, a partnership may sue or be sued either in its common name or by naming its partners.
A limited partnership is a "partnership," see §§ 7-61-102, 7-60-106, C.R.S.1973, and may therefore also sue or be sued in its common name. Section 13-50-105, C.R.S.1973; C.R.C.P. 17(b) and 54(e). The question here, however, which is one of first impression in this state, is whether a limited partnership must be sued in its common name.
The Nevada Supreme Court, in Richard Matthews, Jr., Inc. v. Vaughn, 91 Nev. 583, 540 P.2d 1062 (1975), answered that question in the affirmative. It noted that a claim against a conventional partnership may be asserted by filing suit against the partnership in its common name under the statute, or under the common law by an action naming all of the partners. It then determined that the second alternative was not available in an action against a limited partnership because of their statute, identical to our § 7-61-127, C.R.S.1973, which precludes limited partners from being parties in such proceedings.
However, there were two conclusions which could have been drawn in light of this statute: (1) that a limited partnership may not be sued by naming all its partners, because limited partners are not proper parties, or (2) that a limited partnership may be sued by naming all of its general partners. The Nevada court did not discuss the second possibility.
In the present case, we note that both general partners of Carlin-Frazier, in their capacity as such, were parties to this suit in which MVG intervened. Because the general partners possess sole management responsibility for a limited partnership, see § 7-61-108, C.R.S.1973, notice to them in their capacities as general partners affords that notice to the limited partnership which is necessary to satisfy the demands of due process. Cf. Richard Matthews, Jr., Inc., supra. Consequently, we hold that a limited partnership may be sued either in its common name or by naming the general partners and designating their capacity. Thus, the trial court had jurisdiction to enter judgment against the limited partnership, Carlin-Frazier.

II.
Frazier next contends that the trial court erred in holding her and Carlin-Frazier liable to MVG for the acts of Carlin.
The trial court found and the evidence established that when Carlin solicited and obtained the $60,000 loan from Globe Industrial Bank and executed a second deed of trust, she was acting in her capacity as trustee of MVG. In effect, trustee Carlin then transferred $48,713.12 of the loan proceeds to Carlin as general partner of Carlin-Frazier, the proposed general partner of Willow Ridge. Those proceeds then became partnership property, § 7-60-108(1), C.R.S.1973, and the partnership had a contractual obligation to proceed with the formation and funding of Willow Ridge Investment Company or to refund to MVG the amounts *1351 received. The subsequent misapplication of the funds by Carlin does not excuse Carlin-Frazier from its obligation to make good the loss sustained by MVG. Section 7-60-114, C.R.S.1973 (applicable by virtue of § 7-60-106(2), C.R.S.1973). See also Clark v. Ball, 34 Colo. 223, 82 P. 529 (1905).
Citing § 7-60-110, C.R.S.1973, Frazier argues that nothing in the statutes or in the certificate of limited partnership allowed Carlin-Frazier to become a general partner of the Willow Ridge limited partnership, and that Carlin's acts in pursuit of that end would therefore be outside the scope of her authority. We disagree.
"A limited partnership is a partnership formed by two or more persons . . . ." Section 7-61-102, C.R.S.1973 (emphasis added). A "person" includes a partnership, of which a limited partnership is a type. See § 7-60-102(5), C.R.S.1973. The Carlin-Frazier limited partnership agreement provided that its purposes were "the development, construction, ownership and operation of apartment houses and/or condominiums." The only real property in which it had an interest was the same property which was to be developed through the proposed Willow Ridge Investment Company. Carlin-Frazier could therefore properly become the general partner of the Willow Ridge limited partnership, and Carlin's actions on behalf of Carlin-Frazier to that end were within the scope of her authority.
Judgment affirmed.
ENOCH and BERMAN, JJ., concur.