James A. STRATMAN,
Plaintiff–Appellee,

v.

Norbert A. DIETRICH, Daniel P. Gallagher, Jr., and Myles Arber, Defendants–Appellants.

No. 86CA0707.

Colorado Court of Appeals,
Div. IV.

June 9, 1988.

Rehearing Denied July 14, 1988.

Certiorari Denied Dec. 19, 1988.

Klingsmith & Associates, P.C., Janna L. Remington, Gunnison, for plaintiff-appellee.

Roderick E. Landwehr, Gunnison, Walters & Theis, B. Lawrence Theis, Denver, for defendants-appellants.

BABCOCK, Judge.

Defendants, Norbert A. Dietrich, Daniel P. Gallagher, Jr., and Myles Arber (sellers), appeal from the judgment of the trial court in favor of plaintiff, James A. Stratman, on Stratman's claim for rescission of a purchase option agreement and restitution. We affirm.

On December 15, 1978, Stratman and Gary Nelson (buyers) entered into a contract entitled "Option to Purchase Agreement," for the purchase of land. The contract provided for a series of installment payments to preserve the option through 1985. Each payment was for $45,000, with $15,000 paid by the buyers at the time of execution. One paragraph of the contract states:

> "*EXERCISE OF OPTION.* The option herein granted shall be exercised by Purchasers, individually or by their designated agent, providing written notice to Vendors of their intent to exercise said option, which notice shall be given in the manner hereafter set forth, and which must be received by Vendors not later than the last day of the original option term hereof, or any extension term for which the extension payment has been made."

Buyers made option payments, together with accrued interest, on February 1 of 1979, 1980, and 1981. On January 27, 1982, buyers gave written notice to sellers of their election to exercise their option in

accordance with the above paragraph of the contract.

Sellers refused to close the sale claiming that an additional $45,000 was due on February 1, 1982. Sellers also refused to close because the deed of trust, tendered by buyers on February 25, 1982, was defective.

Thereafter, buyers sued for rescission and restitution. Prior to trial, the trial court dismissed Nelson from the action for failure to prosecute.

## I.

■ Sellers contend that the trial court erred in finding that a partnership existed between the buyers, and awarding restitution to Stratman. We disagree.

A partnership is an association of two or more persons to carry on as co-owners a business for profit. Section 7–60–106(1), C.R.S. (1986 Repl.Vol. 3A). *See Yoder v. Hooper*, 695 P.2d 1182 (Colo.App.1984). No express agreement is necessary; rather, a partnership may be formed by the conduct of the parties. *Yoder v. Hooper, supra.*

■ Here, the record reflects that while Stratman and Nelson had no formal or written partnership agreement, they repeatedly held themselves out as partners to the sellers, and conducted the real estate transaction as partners. Therefore, the evidence was sufficient to support the trial court's finding of a partnership between the buyers, and that finding will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

■ Sellers further argue that, pursuant to *Weng v. Schleiger*, 130 Colo. 90, 273 P.2d 356 (1954), Stratman and Nelson were merely joint owners of the property, and therefore, Nelson was an indispensable party. We are not persuaded.

Based on our determination that a partnership existed, the real estate at issue was partnership property and Stratman was entitled to pursue the action on behalf of the partnership. *See Monks v. Hemphill*, 121 Colo 1, 212 P.2d 1004 (1949). *See also* § 13–50–105, C.R.S. (1987 Repl. Vol. 6A); §§ 7–60–109(1) and 7–60–121(1), C.R.S.

(1986 Repl.Vol. 3); *Frazier v. Carlin*, 42 Colo.App. 226, 591 P.2d 1348 (1979). Therefore, Nelson was a proper, but not an indispensable party to this action. *See* C.R. C.P. 19; *Woodco v. Lindahl*, 152 Colo. 49, 380 P.2d 234 (1963).

## II.

■ Sellers next contend that the trial court erred in applying the doctrine of substantial performance to the buyers' exercise of the option. While we agree that the trial court erred in applying a substantial performance standard to the option provision, we hold that, as a matter of law, buyers complied strictly with the terms of the option.

Contrary to the trial court's ruling, an option can generally be exercised only by strict compliance with its terms. *Analytical Design & Construction Group, Inc. v. Murray*, 690 P.2d 269 (Colo.App. 1984). Therefore, the doctrine of substantial performance cannot be used to avoid mandatory provisions of this option provision.

However, it is undisputed that Nelson gave written notice of the partnership's election to exercise the option in conformance to the contract. Further, the notice was given several days before the February 1, 1982, payment due-date. The contract clearly and unambiguously states that such notice is all that is required to exercise the option. *See KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985). We conclude, therefore, that although the trial court erroneously applied the substantial performance doctrine to the option in this case, as a matter of law, the buyers complied strictly with the contractual requirements necessary for its exercise.

■ Sellers, however, argue that the buyers failed to comply strictly with the option provisions because they tendered a defective deed of trust. We disagree.

Sellers reliance on *Miller v. Carmody*, 152 Colo. 353, 384 P.2d 77 (1963) in this regard is misplaced. In *Miller*, the option agreement expressly called for tender of

funds in addition to notice to exercise the option. In contrast here, the agreement clearly and unambiguously required written notice only, no later than the last day of the option period, of buyer's intent to exercise the option. Thus, the defective deed of trust tendered *after* the written notice did not constitute failure effectively to exercise the option.

## III.

■ Sellers next contend that the trial court erred in refusing to admit certain testimony of sellers' real estate expert. We again disagree.

A trial court has discretion in determining the admissibility of expert evidence. *Andrikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App.1983). Contrary to sellers' arguments, the record reflects that their real estate expert was permitted to testify within the parameters of his knowledge and expertise. Therefore, we find no abuse of discretion and will not disturb the trial court's ruling on review.

## IV.

We have reviewed the sellers' remaining contentions and find them to be without merit. Specifically, we find no reversible error in the trial court's application of a clear and convincing evidentiary standard to the sellers' affirmative defense of mistake. As the trial court expressly noted, a determination on this issue was not necessary in view of its ruling upon plaintiffs' claim for restitution. Accordingly, the trial court's oral comments on the issue of mistake afford no basis for reversal.

Judgment affirmed.

CRISWELL and JONES, JJ., concur.