Charles BUSH, Cliff Schroeder, James Yeros, Dennis Fish, Moreno Giannasi, Patricia Giannasi, and I. Leroy Likes, Plaintiffs–Appellees,

v.

Kent WINKER, Defendant–Appellant.

No. 92CA1526.

Colorado Court of Appeals, Div. V.

March 24, 1994.

As Modified on Denial of Rehearing May 19, 1994.

Certiorari Granted March 20, 1995.

Bader & Villanueva, P.C., Gerald L. Bader, Jr., Randolph S. Dement, Denver, for plaintiffs-appellees Bush, Yeros, Fish, Moreno and Patricia Giannasi and Likes.

Clifton P. Schroeder, P.C., Clifton P. Schroeder, Denver, for plaintiff-appellee Cliff Schroeder.

Robinson, Waters, O'Dorisio and Rapson, P.C., Peter A. Robinson, Martha J. Bohling, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Kent Winker, appeals a default judgment entered in favor of plaintiffs, Charles Bush, Cliff Schroeder, James Yeros, Dennis Fish, Moreno Giannasi, Patricia Giannasi, and I. Leroy Likes. The judgment was entered against certain partnerships, and based upon that judgment, a separate judgment was entered against Winker. We reverse and remand.

Plaintiffs brought an action against numerous individuals, partnerships, and corporations over losses they incurred after investing in a limited partnership. Among the

defendants were the general partnerships of Wins–Quince, Mid–America Resources (MAR), and C & I Partnership (C & I). Winker was designated as a defendant, individually and as a general partner of Wins–Quince and G & W Partnership. G & W was designated as a general partner of MAR.

The case proceeded to trial on the numerous individual claims asserted against Winker, and a jury verdict was entered against him on one of the claims. No appeal has been taken from the judgment entered upon this verdict. However, the question of Winker's potential liability based upon his relationship with the partnerships was not presented to the jury.

Prior to trial, plaintiffs filed a motion for default judgment against C & I, Wins–Quince, and MAR because these partnerships had not filed an answer to the complaint. After the trial, plaintiffs filed an amendment to the motion requesting that judgment be entered jointly and severally against the partnerships, and Winker individually. The amended motion also requested that plaintiffs have execution against Winker's separate property for the judgments against the partnerships.

Later, a hearing was held on plaintiffs' amended motion and on motions filed by Wins–Quince, C & I, and Winker opposing plaintiffs' amended request for default judgment. Wins–Quince and C & I both asserted that service of process upon these entities was invalid.

Following the hearing, the trial court entered judgment against C & I, Wins–Quince, and MAR for the total amount of prior judgments obtained by the Federal Deposit Insurance Corporation (FDIC) against plaintiffs. The judgments against plaintiffs were based upon defaults on promissory notes in the amounts invested by them in the limited partnership.

The court also ordered that the judgment be enforceable against the separate property of Winker "upon showing partnership assets, including G & W partnership assets, do not satisfy the judgment."

In a separate order, the trial court found that Winker was a general partner in MAR and in G & W and that G & W was a partner in C & I and Wins–Quince. Because Winker was served with a copy of the summons and complaint, the court concluded that Wins–Quince, C & I, and MAR were also properly served with process.

The court also found that G & W was a named party in the case because the caption of the complaint stated that Winker was being sued as a partner in G & W. The court finally determined that because the damages were liquidated, no further hearing on this issue was necessary.

Prior to filing this appeal, Winker filed a motion pursuant to C.R.C.P. 60(b) in the trial court requesting that it set aside its orders. Thereafter, we granted defendant's motion for remand so that the trial court could rule on the motion.

On remand, the trial court denied the C.R.C.P. 60(b) motion and granted a motion filed by plaintiffs in which it ordered that a separate judgment enter against Winker in a specified amount in accordance with the court's previous orders regarding default judgment.

I.

Prior to the trial court's entry of judgment in connection with the C.R.C.P. 60(b) motion, plaintiffs filed their answer brief here in which they contended that this court lacks jurisdiction over the appeal because the default judgment did not constitute a final judgment against Winker in that no specific award of damages had been made against him. Plaintiffs also contended that this court lacked jurisdiction to consider the merits of Winker's arguments with respect to the partnerships named in the default judgment because those partnerships were not named as appellants. We reject both contentions.

Absent circumstances not present here, this court is not precluded from reviewing an appeal merely because the notice of appeal was premature. *See In re Marriage of Ross*, 670 P.2d 26 (Colo.App.1983). The judgment became final upon entry of the

court's order awarding a specific money judgment against Winker.

■ Further, because Winker is substantially aggrieved by the order regarding default judgment against the partnerships, we conclude that he has standing to challenge those rulings. *See Roberts–Henry v. Richter,* 802 P.2d 1159 (Colo.App.1990).

## II.

■ Winker contends that the trial court erred in ruling that G & W was a named party defendant in this case. As a result, Winker asserts that both the judgment entered against G & W and the judgment entered against his separate assets based upon the G & W judgment are void. We agree.

■ Section 13–50–105, C.R.S. (1987 Repl. Vol. 6A) provides that a partnership may be sued in its common name. *See Watt, Tieder, Killian & Hoffar v. United States Fidelity & Guaranty Co.,* 847 P.2d 170 (Colo.App.1992). A partnership may also be sued by naming all of its partners. *See Frazier v. Carlin,* 42 Colo.App. 226, 591 P.2d 1348 (1979).

Here, on the caption page of the applicable amended complaint, the only reference to G & W is: "Kent Winker, individually ... and as a general partner of ... G & W Partnership." However, MAR, C & I, and Wins–Quince are all designated as separate defendants and are described as general partnerships.

The initial allegations in the complaint discuss "PARTIES AND VENUE." A description of the various named persons and entities was included in this section of the pleading with the designation of "defendant." However, again, the only reference to G & W is in the context of Winker being a general partner of that entity and the designation "defendant" is not used in describing G & W.

In the general factual allegations section of the pleading, the only reference to G & W is in the context of its status as an alleged partner in C & I.

The pleading then sets forth 16 claims for relief but there is no specific reference to G & W in any of the claims. While certain claims are asserted against "all defendants,"

there is no allegation to alert the reader that G & W is for some reason included in this group.

Under these circumstances, we conclude that G & W was not a party defendant in this case. The summons and complaint fail to indicate that a claim has been made against G & W as a separate entity, and it is undisputed that all of the partners of G & W have not been named as defendants. *See Frazier v. Carlin, supra.* As a result, both the judgment entered against G & W and the related judgment against Winker predicated on the G & W judgment are void.

## III.

■ Winker next contends that the trial court erred in concluding that defendants Wins–Quince and C & I Partnership were properly served by delivering a copy of the summons and amended complaint to him. On this basis, Winker asserts that entry of default judgments against these partnerships was improper. Again, we agree.

As noted, the summons reflects that Winker is designated as a defendant individually and as a general partner of G & W and Wins–Quince. The return of service reflects that Winker was served as "a partner of Winn–Quince [sic] Partnership, a partner of the Defendant C & I Partnership." At the time of service, and as the trial court initially found, Winker was not individually a partner in either entity. Instead, Winker was a partner in G & W, and G & W was a partner in both Wins–Quince and C & I. Nevertheless, the court concluded that because G & W was a partner in Wins–Quince and C & I at the time of service, service upon Winker as a partner of G & W was sufficient.

■ C.R.C.P. 4(e)(4) provides that service upon a partnership may be effected by:

[D]elivering a copy thereof to one or more of the partners or associates, or a managing or general agent thereof....

Hence, in our view, the issue becomes whether the summons put Winker on notice that service was not only being effected upon him individually and as a partner of G & W, but that service was being made upon G & W as

a partner of Wins–Quince and C & I as well. We conclude that the summons failed to provide the requisite notice.

In *Weber v. Snyderville West*, 800 P.2d 316 (Utah App.1990), the court had occasion to address service of process upon a partnership pursuant to Utah R.Civ.P. 4(e)(5) which is similar in content to C.R.C.P. 4(e)(4). There, the complaint named as defendants Jim Gaddis and the Snyderville West partnership. Gaddis was the managing partner of the partnership. However, the summons did not designate Gaddis as the managing partner of Snyderville.

The court held that service upon Gaddis in his individual capacity was not service upon the partnership. The court recognized that the partnership had constructive or actual knowledge of the proceeding. However, the court held that the focus of its inquiry must be upon the summons actually served and not upon the relationship between Gaddis and Snyderville. We find this case persuasive.

■ The mandatory requirements for valid service of process are fundamental because of the due process requirements of notice. *See United Bank v. Buchanan*, 836 P.2d 473 (Colo.App.1992) (existence of personal jurisdiction does not obviate the need for proper service of process in compliance with the rules of procedure). Hence, contrary to plaintiffs' contention, they carry the burden of proof to establish proper service if, as here, the return of service is facially deficient. *See Denman v. Great Western Ry. Co.*, 811 P.2d 415 (Colo.App.1990).

■ We conclude that designating Winker as a partner in G & W and a partner in Wins–Quince in the summons is legally insufficient if the intent is to effect service upon G & W as a partner in Wins–Quince and C & I. Designating Winker as a partner in G & W does not furnish notice to him that service is being effected upon G & W as a partner in two other separate entities. Designating him as a partner in Wins–Quince is misleading because he was not a partner in that entity at the time of service. Finally, as noted, the mere knowledge by Winker, standing alone, that the proceeding is pend-ing is not a substitute for service upon the proper entity. *See Weber v. Williams*, 137 Colo. 269, 324 P.2d 365 (1958); *Weber v. Snyderville West, supra.*

Contrary to plaintiffs' contention, we are unable to conclude that the trial court's reference to an admission in Winker's answer and his response to a deposition question support a finding of proper service. The trial court also found with record support that Winker was not a partner at the time of service, and C.R.C.P. 4(e)(4) does not authorize service upon a former partner of a partnership.

■ Further, there is no finding, and plaintiffs do not contend, that Winker in any manner concealed his legal relationship with C & I, Wins–Quince, or G & W to evade service upon the proper entity. Similarly, there is no contention that plaintiffs were unable to determine that relationship through discovery in the 12 months between the filing of the amended complaint and the filing of the amended motion for default judgment such that they were precluded from making valid service under C.R.C.P. 4(e)(4).

In support of the judgment, however, plaintiffs contend that proper service was effected upon Wins–Quince and C & I by service upon three other partners, Jarl Brey, Gary Brey, and Ronald McDonald. These same contentions were made to, and implicitly rejected by, the trial court in its order. That ruling has record support.

Specifically, Jarl Brey was served with the complaint at issue here apparently when he was no longer a partner in Wins–Quince and C & I and after he had filed for a discharge in bankruptcy. Gary Brey and Ronald McDonald, on the other hand, were served with an earlier version of the complaint which did not name either partnership as a defendant.

As a result, we conclude that the default judgment against C & I and Wins–Quince must be set aside. Similarly, separate judgments entered against Winker based upon the judgments against C & I and Wins–Quince must also be vacated.

## IV.

Winker next contends that the trial court erred in determining that he was a partner in MAR. In support of this contention, he contends that the trial court erred in ruling that he was foreclosed from presenting testimony on this issue because the testimony was not offered on the first day of the hearing on plaintiffs' amended motion for entry of default judgment. Winker further contends that the court erred in failing to consider the evidence introduced at trial on this issue, but plaintiffs suggest that the trial court did in fact consider this testimony in reaching its decision.

We are unable to determine from the court's findings and order whether trial testimony was considered, and the record is unclear whether the trial court considered Winker's legal relationship with MAR as an evidentiary issue for determination on the first day of the hearing. Hence, we conclude that this issue should be reconsidered in an evidentiary hearing on remand that also addresses the issue of damages, if any, that may be awarded against Winker to satisfy the MAR default judgment.

We have considered and find no merit in Winker's other contentions for reversal of the judgment entered against him in conjunction with entry of the judgment against MAR.

The judgment against the partnerships, C & I and Wins–Quince is reversed. 'The judgments against Winker and G & W predicated upon the judgments against C & I, Wins–Quince, and MAR are also reversed. The cause is remanded for further proceedings consistent with the views expressed in this opinion.

HUME and CASEBOLT, JJ., concur.