**THE QUINCY CORPORATION, Plaintiff**

**v.**

**T AND D, INC., d/b/a BACHMAN'S BAKERY and DAVID J. WARNER, Defendants**

Civ. No. 1996-216

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 24, 1997

W. MARK WILCZYNSKI, ESQ., St. Thomas, U.S.V.I., *for Plaintiff*

ANNA H. PAIEWONSKY, ESQ., (Law Offices of Henry C. Smock, P.C.), St. Thomas, U.S.V.I., *for Defendants*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court on defendants' motion to dismiss, which was the subject of oral argument, and defendants' renewed motion to dismiss, which was not the subject of oral argument. For the reasons set forth in this Memorandum, this motion will be denied.

## I. Facts

### A. The Underlying Transaction

Plaintiff Quincy Corporation ["Quincy"] is the general partner for Four Winds Plaza Partnership ["Four Winds"], a limited partnership organized under the laws of the State of New Jersey. Quincy is a business incorporated in New Jersey whose principal place of business is New Jersey. Defendant T and D, Inc. ["T and D"], is a business entity incorporated under the laws of the Virgin Islands, with its principal place of business in St. Thomas, Virgin Islands. Defendant David Warner ["Warner"] is a citizen of St. Thomas.

Four Winds entered into a lease with T and D and David Warner on August 21, 1990 for the use of 1,338 square feet of the property at 392 Anna's Retreat, St. Thomas. Warner, the president of T and D, personally guaranteed the full performance of T and D's obligations under the lease.

Four Winds entered into a lease on March 1, 1984 with H.B. Inc. for the use of approximately 1,500 square feet of the property at 392 Anna's Retreat, St. Thomas. H.B. Inc subsequently transferred its rights and duties to T and D. Defendants acknowledged this assignment in a writing dated November 28, 1989 in which defendants renewed the lease for an additional ten years.

### B. Plaintiff's First Amended Complaint

Plaintiff asserts that defendants defaulted under the 1990 lease by failing to pay basic rent under the lease in the amount of $29,596.28 as of August 5, 1996. Furthermore, plaintiff alleges that defendants have further defaulted by failing to pay percentage rent and late charges in the amount of $142,200 as of August 5, 1996. Plaintiff gave defendants notice to vacate and advised that as of September 30, 1996, the tenancy was terminated. According to plaintiff, defendants remain on the premises unlawfully.

Plaintiffs also assert that defendants have defaulted under the terms of the 1984 lease, by failing to pay basic rent in the amount of $21,772.50 as of August 5, 1996. Plaintiffs gave defendants notice to vacate and that the tenancy was terminated as of September 30, 1996. Defendants continue to occupy the premises.

Accordingly, plaintiffs request a judgment against defendants, jointly and severally, as follows:

1. Directing defendants to vacate the premises;
2. Finding that defendants defaulted under the leases;
3. Finding that defendants are indebted for past rent, interest and late charges as detailed;
4. Authorizing the U.S. Marshal to seize and sell sufficient property of defendants to satisfy the judgment;
5. Awarding plaintiff reasonable costs, expenses and fees including attorneys' fees incurred in this action; and
6. Awarding plaintiff such other relief as the Court deems proper.

## C. Defendants' Motion to Dismiss

Defendants filed a motion to dismiss on the ground that diversity is lacking. Defendants argue that the real party in interest in Four Winds, and that as a partnership established in the Virgin Islands, Four Winds is a Virgin Islands citizen. Therefore, defendants argue, diversity is destroyed. Defendants support this argument on several facts. First, the leases submitted were between Four Winds and the defendants.[1] Defendants also allege that in another action pending in Territorial Court, Quincy alleges that it is a Virgin Islands Corporation.[2] Defendants also argue that the actions pending in the Territorial Court, which are currently the subject of a motion for more definite statement, may encompass the same issues as are raised in this case. Accordingly, defendants ask that the complaint be dismissed.

## D. The December 20, 1996 Hearing

The Court held a hearing on December 20, 1996 on defendants' motion to dismiss, in which, for reasons discussed infra, the Court concluded that the citizenship of a limited partnership is deter-

---

[1] Plaintiff did file a d/b/a application for the trade name Four Winds Plaza Partnership on September 1, 1993 so that therefore the trade name would be a Virgin Islands trade name. Defendants argue, however, that as the trade name did not exist at the time the leases were signed, Quincy was not then the alter-ego of Four Winds, and Four Winds was the real party in interest of the leases.

[2] See, Motion to Dismiss at 2.

260

mined by the citizenship of the general and limited partners, not by the state or territory in which the partnership was formed. The Court required that the plaintiff submit a second amended complaint which adequately set forth the citizenship of the limited partners, which plaintiff filed. Subsequent to this filing, the defendants renewed their motion to dismiss on the grounds that the limited partners listed in the amended complaint did not match those listed at the Lieutenant Governor's office, and therefore both the identity of the parties and diversity of the parties was not adequately determined by the complaint.

For the sake of clarity, the Court will memorialize in this Memorandum its holding and reasoning for both defendants' motion to dismiss as addressed at the December 20, 1996 hearing and the subsequent renewed motion to dismiss subsequent to the amended complaint.

## II. Discussion

### A. The Real Parties In Interest

Under Rule 17 of the Federal Rules of Civil Procedure, the capacity to sue or be sued shall be determined by the law where the district court is sitting. Accordingly, Virgin Islands law determines which parties are the real parties in interest in this action.

The plaintiffs cite to *Carribean Limited Partnership v. Cox*, Civil No. 1980-29, D.C.V.I. St. Thomas/St. John (1982) (unpublished), in which this Court held that the law of the Virgin Islands did not allow a limited partnership to sue in its own name. The Court held that only the general partner(s) was entitled to sue or be sued. However, the Court stated that it was of the opinion that it was preferable for partnerships to be able to sue in their own name. The Court stated its intention to promulgate local rules for the Territorial Court of the Virgin Islands and the District Court of the Virgin Islands which would allow partnerships to sue and be sued in their own names.

Subsequently, on May 17, 1982, Rule 13 was added to the Rules of the Territorial Court which allowed actions to be brought by or against a partnership in its own name. The District Court of

261

the Virgin Islands has yet to adopt such a rule.[3] Carribean and the cases which have followed, however, show that the Court had the intention to allow limited partnerships to sue or be sued in their own name. The Court, therefore, rejects plaintiff's argument that Four Winds could not bring suit in this Court because it is a limited partnership.

■ The fact that Four Winds could sue or be sued in the District Court is not dispositive of this case. The Court held in Carribean that only general partners had the capacity to sue or be sued on behalf of limited partnership. Although this Court now holds that limited partnerships may sue or be sued in their own capacity, the Virgin Islands Code appears to support the proposition that general partners may sue or be sued on behalf of the partnership. Title 26 of the Virgin Islands Code, Section 226 states that a:

> contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership

This statute makes clear that general partners are proper parties to suits, while limited partners are not.

■ The modern trend of many jurisdictions is to recognize the partnership as an entity under the rules of procedure. *See, e.g., Frazier v. Carlin*, 42 Colo. App. 226, 591 P.2d 1348 (Colo. 1979); *Bradley v. Lemoine*, 278 So. 2d 148 (La. 1973); *Gleason v. Sing*, 210 Minn. 253, 297 N.W. 720 (Minn. 1941). This modern trend, however, still maintains that a partnership may sue or be sued either in its common name or by naming its partners, and the naming of general partners in a suit is sufficient to satisfy due process. *See, e.g., Gary Energy Corp. v. Metro Oil Products*, 114 F.R.D. 69 (D. Utah 1987); *Frazier v. Carlin*, 42 Colo. App. 226, 591 P.2d 1348 (Colo.

---

[3] Although this issue has not been squarely addressed in any litigation since Carribean, the Court has allowed limited partnerships to sue or be sued in this Court. *See Hindels v. Quayside L.P.*, Civil Nos. 282/1988, 065/1990 District Court of the Virgin Islands Division of St. Croix, (unpublished opinion) October 1, 1991; *Jaz Ltd. Partnership v. Government*, 25 V.I. 364 (D. VI 1990); *Winston Skeete and Bernette Skeete, v. Crown Mountain Apartment Associates, A Limited Partnership*, Civil No. 87-56 District Court of the Virgin Islands, Division of St. Thomas and St. John (unpublished opinion) January, 1987.

1979); *Bayswater Health Related Facility v. New York Dep't of Health*, 57 A.D.2d 996, 394 N.Y.S.2d 314 (3d Dept. 1977).

In determining whether diversity jurisdiction is proper, courts have looked to the states in which both the general and limited partners are incorporated and have as principal places of business. *The Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 75 (8th Cir. 1988); *Nelson & Small, Inc. v. Polaris Industries Partners, L.P.*, 768 F. Supp. 382 (D. Maine 1989). The Supreme Court explicitly adopted this viewpoint in *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990), in which five justices decided that to determine diversity of citizenship, the citizenship of all general partners and limited partners must be considered. The partnership itself is not a citizen of any state, as is a corporation. *Id.* at 189. Under *Carden*, citizenship of the Four Winds plaza partnership is determined according to the citizenship of the general and limited partners of the partnership.

During argument held on December 20, 1996, the Court informed plaintiff that under *Carden*, diversity jurisdiction would only be proper if all the general partners and limited partners were diverse from the defendants. Plaintiff agreed to file an amended complaint alleging the citizenship of the limited partners as well as Quincy, the sole general partner.

## III. The Second Amended Complaint

### A. Plaintiff's Allegations

Plaintiff filed its second amended complaint on December 31, 1996. This complaint made virtually identical claims to those contained in the first complaint. The major difference in this complaint was that it alleged that Quincy Corporation, the sole general partner, was incorporated and had its principal place of business in New Jersey, and the sole limited partner, P.A.W. Mortgage and Finance Company ["P.A.W."], is a citizen of Tortola, British West Indies. The Complaint alleged that defendants T & D, Inc. and David Warner are citizens of the United States Virgin Islands.

## B. Defendants' Renewed Motion to Dismiss

### 1. Acting on Behalf of Four Winds

■ Defendants filed a renewed motion to dismiss on January 9, 1997. This motion raised several claims. The first claim is that Quincy failed to state in the amended complaint that it was bringing the action on behalf of Four Winds Plaza Partnership, as the sole general partner. While this fact may be true, the Court does not see how this omission affects the validity of the complaint. The fact that an action was brought in the name of one partner is immaterial to the applicability of the *Carden* rule. *Halleran v. Hoffman*, 966 F.2d 45 (1st Cir. 1996). This very issue was addressed at the hearing on December 20, 1996, and there was general agreement among the Court and the parties that the only capacity in which this suit could be brought by Quincy was on behalf of the Four Winds Plaza Partnership. A reading of the four corners of the complaint makes it abundantly clear that Quincy is suing on behalf of the Four Winds Plaza Partnership, and the defendants have actual notice of this status as was provided at the December 20th hearing. There is no merit in this claim.

### 2. The Registration of Limited Partners at the Lieutenant Governor's Office

The second claim made in the renewed motion to dismiss relates to the partners of Four Winds Plaza Partnership identified at the Lieutenant Governor's office. Defendants claim that the limited partners identified at the Lieutenant Governor's office do not include P.A.W. Mortgage and Finance Company. According to the affidavit of Denise Johannes, Assistant Administrator for the Office of the Lieutenant Governor, as provided by defendants, the limited partners of Four Winds Plaza Partnership are North Jersey Development Corp., The Fairfield Group, and Frank Bonanno.[4] Defendants assert that this discrepancy regarding the limited partners casts doubt on the complete diversity of plaintiff's complaint, and necessitates dismissal.

---

[4] According to this affidavit, the partnership agreement to the Four Winds Plaza Partnership was originally filed at the Lieutenant Governor's Office on October 3, 1985. An amendment to the Four Winds Plaza Partnership was filed on October 13, 1992.

■ The Supreme Court has determined that diversity is assessed at the time the complaint is filed, not at the time that the partnership was formed. *Freeport-McMoran, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 112 L. Ed. 2d 951, 111 S. Ct. 858 (1991). The addition of a non-diverse party after filing would not defeat diversity jurisdiction. *Id.* In this case, defendants attempt to defeat diversity jurisdiction based upon records which are apparently over four years old.

The Court is not convinced that diversity jurisdiction is lacking in this case based on records of the Lieutenant Governor's office which are more than four years old. It is entirely plausible that the interests held by the individuals listed at the Lieutenant's Governor's office have subsequently been transferred to P.A.W. Mortgage and Finance Company, or in part to Quincy.

However, the Court is also aware of the longstanding rule that the burden of proving federal jurisdiction rests on the party seeking to invoke it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936). The burden, therefore, is on Quincy, as the party seeking federal jurisdiction, to adequately prove that such jurisdiction exists. The Court must fully resolve any claims that subject matter jurisdiction is lacking, since jurisdiction may neither be forced on the courts by the parties nor waived as a requirement. *See, e.g.,* *Insurance Corp. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982); *California v. LaRue*, 409 U.S. 109, 34 L. Ed. 2d 342, 93 S. Ct. 390 (1972); *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 28 L. Ed. 462, 4 S. Ct. 510 (1884).

Plaintiff's counsel has submitted two signed pleadings, the second amended complaint and an opposition to defendant's renewed motion to dismiss, in which he asserts that P.A.W. Mortgage and Finance Company is the sole limited partner of Four Winds. In support of this proposition, plaintiff has produced the affidavit of Anthony T. Colasanti, the President of Quincy Corporation. This affidavit states that the interests of North Jersey Development Corp., the Fairfield Group, and Frank Bonanno were sold to P.A.W. on or about December of 1993.

The fact that the files at the Lieutenant Governor's office, which are over four years old, do not reflect P.A.W. as the sole limited partner is not dispositive of this case. While such a fact may be a source of dispute between Four Winds and the Lieutenant Governor's office, it is not relevant to the determination the Court must make. The Court must determine whether complete diversity exists *at this time* between all necessary parties in order to confer subject matter jurisdiction over this litigation. Since plaintiffs have produced sufficient evidence to support a claim of diversity, the Court will deny the defendants' motion to dismiss.

### 3. The State of Organization of Four Winds

Defendants also argue that this case should be dismissed because it is unclear who is bringing this action. Defendants assert that the Four Winds Plaza Partnership registered with the Lieutenant Governor's office was organized under the laws of the Virgin Islands on September 12, 1985,[5] while plaintiff's complaint states that Four Winds Plaza Partnership was organized under the State of New Jersey. Therefore, defendants assert that it is unclear whether the plaintiff is actually a real party in interest in this case.

The Court finds that Quincy Corporation is a real party in interest in this case. Plaintiff has submitted copies of the lease which are a subject of this litigation in which the Four Winds Plaza Partnership is listed as having its principal office in New Jersey, and its local office in St. Thomas. Plaintiff has submitted documentation showing that defendants' dealt with plaintiff's counsel as the attorney for Four Winds before the filing of this lawsuit. If any confusion still existed, it would be entirely resolved by the affidavit of Denise Johannes, which was submitted by the defendants, which states in unequivocal terms that the sole general partner of Four Winds is Quincy Corporation. According to the position asserted by defendants in their pleadings, Quincy Corporation is the sole general partner of Four Winds.

The only source of disagreement between the parties is whether the Four Winds Plaza Partnership was organized under Virgin Islands Law or New Jersey Law. This disagreement is irrelevant in

---

[5] See Affidavit of Denise Johannes, January 27, 1997.

determining whether complete diversity exists between these parties. Although a limited partnership may sue or be sued in its own name under state law, such a right does not deem the partnership a citizen of that state for diversity purposes. *Great So. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 44 L. Ed. 842, 20 S. Ct. 690 (1900). According to the Supreme Court's decision in Carden, a limited partnership has no citizenship other than that of its general and limited partners. While the state in which a partnership was created may be a source of dispute between the Lieutenant Governor's office and Four Winds, it is irrelevant to this case. Defendants' assertions in this regard are without merit, and the renewed motion to dismiss will be denied.

ENTERED this 24th day of March, 1997.

## ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that defendants' motion to dismiss and renewed motion to dismiss are DENIED.

ENTERED this 24th day of March, 1997.