# Richmond.

## W. C. HOOVER'S EXECUTORS v. BOWERS, HOOVER & COMPANY.

### November 18, 1926.

1. PARTNERSHIP—*Separate and Distinct Partnerships Having a Common Member—Equity.*—When two separate and distinct partnerships have a common member, courts of equity deal with each separately as if there were no common member. The assets of the several firms must usually be regarded as distinct.

2. PARTNERSHIP—*Creditors of the Partnership—Separate Creditors of a Member.*—The rule in most of the States has been that creditors of a partnership have a prior right to be paid out of partnership assets while separate creditors have a prior right to be paid out of the partner's separate estate. But in Virginia it has been held that the firm creditors, having exhausted the social assets, were entitled to share *pro rata* with the separate creditors of the same class, in the separate assets of a deceased partner.

3. PARTNERSHIP—*Dissolution by Death—Surviving Partners Hold Assets in Trust—Net Value of Partner's Interest—Partner's Liability to Partnership.*—Upon the dissolution of a partnership by the death of one of its members, the surviving partners hold its assets in trust, to collect the debts due the firm, settle its liabilities, adjust the accounts between the surviving partners and the deceased partner, and ascertain the net value of the interest of each partner in the partnership. In making this adjustment each partner is chargeable with all claims for which he is liable to the partnership. Until the trust has thus been executed, the interest of the deceased partner therein remains a part of the social assets of the firm. Only the net value of his interest, when so ascertained, becomes a part of his separate assets.

4. PARTNERSHIP—*Death of Partner Insolvent—Debt of Another Firm of which Deceased Partner was a Member to the Partnership—Case at Bar.*—In the instant case a member of a partnership died insolvent. The deceased member was a member of a second partnership which owed the first partnership more than $10,000.00.

    *Held:* That the surviving partners in the first partnership had the right to deduct from the ascertained value of the deceased partner's interest in the first partnership the debt which the second partner-

ship owed the first partnership without first endeavoring to collect the same from the second partnership.

5. PARTNERSHIP—*Partnership Debts—Individual Liability of Member of Partnership is Direct and Primary.*—Partnership debts are debts of the members of the firm, and the individual liability of the members is not collateral like that of a surety, but primary and direct, whatever priorities there may be in the marshaling of assets.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Ward Swank* and *H. W. Bertram*, for the appellants.

*John T. Harris*, and *D. O. Dechert*, for the appellees.

WEST, J., delivered the opinion of the court.

W. C. Hoover departed this life in Rockingham county, Virginia, testate, on the tenth day of December, 1924. At the time of his death he owned a one-fourth interest in the mercantile firm of Bowers, Hoover & Company, and a one-half interest in the firm of W. C. Hoover & Son, composed of himself and his son, Ralph M. Hoover, who were operating a dairy and a farm.

His partners in the firm of Bowers, Hoover & Co., were John H. Hoover, Robert S. Bowers, Frank H. Driver and Cornelius Driver. In addition, W. C. Hoover owned separate real and personal property, including his net interest in the firm of Bowers, Hoover & Co., and owed individual debts aggregating about $61,000. His estate was insolvent, exclusive of any liability for the debts of W. C. Hoover & Son. The firm of W. C. Hoover & Son and Ralph M. Hoover,

the junior partner, were also insolvent. At the death of W. C. Hoover he was indebted to Bowers, Hoover & Co., in the sum of $1,182.29, and W. C. Hoover & Son were indebted to them in the sum of $10,173.66, $2,000 by their note payable to Bowers, Hoover & Co., and the balance of $8,173.65 by open account.

The firm of Bowers, Hoover & Co., being dissolved by the death of W. C. Hoover, the surviving partners agreed to purchase his net interest in the partnership.

On June 10, 1925, Ralph M. Hoover, one of the executors of W. C. Hoover, and his attorney, held a conference with R. S. Bowers, representing the surviving members of Bowers, Hoover & Co., and his attorney, to ascertain the value of W. C. Hoover's one-fourth interest in the firm, and consummate the sale of the same. The executor and his counsel claimed that the deduction of twenty per cent for bad debts, made by the appraisers, was excessive, but in compromise settlement of their differences it was agreed that the net assets of the firm of Bowers, Hoover & Co., according to their books, amounted to the sum of $56,425.38, and the one-fourth share thereof of W. C. Hoover amounted to $14,082.83, as of the tenth day of December, 1924. The surviving partners contended that in making settlement for the W. C. Hoover interest they had the right to deduct from the $14,082.83 not only the sum of $1,182.29 due the firm by him personally, but also the $10,173.65 due them by W. C. Hoover & Son, and gave the executors a check for the balance of $2,726.89, which with interest from December 10, 1924, to June 10, 1925, amounted to $2,808.70. The executors accepted the check without admitting their right to make such deduction, and reserving the right to contest the same.

John H. Hoover being a necessary party plaintiff as executor of W. C. Hoover and a necessary party defendant as surviving partner of Bowers, Hoover & Co., the executors of W. C. Hoover instituted this suit in equity against John H. Hoover, Robert S. Bowers and Frank H. Driver, in his own right and as executor of C. Driver, deceased, surviving partners of the firm of Bowers, Hoover & Co., to recover the said sum of $10,173.83, with interest from the tenth day of December, 1924, till paid:

Upon a final hearing upon the bill and answer, the decree here complained of was entered, denying the relief prayed for and dismissing complainant's bill.

To dispose of the case, we have to answer only one question: Had the surviving partners the legal right to deduct from the ascertained value of W. C. Hoover's one-fourth interest in Bowers, Hoover & Co. the debt of $10,173.65 due that firm by W. C. Hoover & Son?

[1] The fact that W. C. Hoover was a common partner in both firms is immaterial. When two separate and distinct partnerships have a common member, courts of equity deal with each separately as if there were no common member.

"Where there are two or more firms having some but not all of their partners in common, the assets of the several firms must usually be regarded as distinct." Mecham on Partnership, section 461.

[2] The rule in most of the States has been that creditors of a partnership have a prior right to be paid out of partnership assets while separate creditors have a prior right to be paid out of the partner's separate estate. It was held in Virginia, however, in *Pettyjohn's Ex'rs* v. *Woodruff's Ex'rs*, 86 Va. 478, 10 S. E. 75, that the firm creditors, having exhausted the

social assets, were entitled to share *pro rata* with the separate creditors of the same class, in the separate assets of a deceased partner.

[3] Upon the dissolution of a partnership by the death of one of its members, the surviving partners hold its assets in trust, to collect the debts due the firm, settle its liabilities, adjust the accounts between the surviving partners and the deceased partner, and ascertain the net value of the interest of each partner in the partnership. In making this adjustment each partner is chargeable with all claims for which he is liable to the partnership. Until the trust has thus been executed, the interest of the deceased partner therein remains a part of the social assets of the firm. Only the *net* value of his interest, when *so ascertained*, becomes a part of his separate assets. This being true, the separate creditors of W. C. Hoover are entitled to priority under the partnership act (Michie's Code 1924, section 4359 [40]), only in such net interest in Bowers, Hoover & Co.

In section 348, Story on Partnership, we find this: "In taking the account between the partners upon any dissolution, each, of course, becomes chargeable with all the debts and claims which he owes, or is accountable for, to the partnership; with all interest accruing upon the same debts and claims; and with all profits which he has made out of the partnership's effects during the partnership, or since the dissolution."

Section 348-a of the same book reads as follows: "If any partner has made advances to the firm, and others have received advances from it, these do not constitute debts, strictly speaking, until the concern is wound up, but only as items in the account between the partners."

In Burks Pl. & Pr. (2d ed.), 640, the author, dis-

cussing the sale of a partner's interest under an execution, says: "* * the purchaser can acquire no greater interest than the debtor had, which would be his *net interest* after settlement of partnership liabilities and the *adjustment of accounts* between the partners." (Italics ours.)

Judge Riely, speaking for the court in *Maddock's Admr.* v. *Skinker*, 93 Va. 479, said: "The interest of each partner in the property of the partnership is his share of the surplus after all the firm debts are paid and a balance of accounts is struck between the partners. * * * If inequalities exist amongst the partners, these should be settled out of the partnership assets, and the share of each partner, after such settlement is all that can be reached by his execution creditors."

In *Nicoll* v. *Mumford*, 4 Johns Ch. 522, Chancellor Kent said: "The interest of each partner is his share of the surplus, subject to all partnership accounts; and that interest, or surplus, only is liable to the separate creditors of such partner, claiming either by assignment or under execution."

In *Pierce* v. *Jackson*, 6 Mass. 242, the court held that one partner has no interest in the partnership stock, "but his share of what is remaining after all the partnership debts are paid, he also accounting for what he may owe the firm."

In 2 Rowley on Modern Law of Partnership, section 631, page 850, the law is stated thus: "He (the surviving partner) has a right to collect from the estate of the deceased partner debts owing by such partner to the firm, and may retain a sufficient portion of such partner's share in firm assets to satisfy his debt to the firm."

We find nothing in the partnership act (section

4359 of the Code) which annuls the principles laid down by the foregoing authorities. On the contrary, the act (section 4359 [74]) provides that "in any case not provided for in this act the rules of law and equity, including the law merchant, shall obtain."

[4] It is apparent that there is a liability on W. C. Hoover's estate for the debt of $10,173.65 due Bowers, Hoover & Co. by W. C. Hoover & Son, and that Bowers, Hoover & Co. have the right to retain a sufficient sum out of the net value of W. C. Hoover's one-fourth interest in that firm to pay this debt in full, without first endeavoring to collect the same out of the firm of W. C. Hoover & Son. As between W. C. Hoover and Bowers, Hoover & Co., his liability was primary and not secondary.

[5] In *Francis* v. *McNeal, Trustee,* 223 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, Mr. Justice Holmes, speaking for the court, said: "But the fact remains as true as ever that partnership debts are debts of the members of the firm, and that the individual liability of the members is not collaterial like that of a surety, but primary and direct, whatever priorities there may be in the marshaling of assets."

For the foregoing reasons, the judgment will be affirmed.

*Affirmed.*