COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


RICHARD JENNINGS CABANISS

                                                          OPINION BY
v.        Record No. 2762-04-3            JUDGE ELIZABETH A. McCLANAHAN
                                                          OCTOBER 18, 2005
NANCY TURNER CABANISS


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Michael S. Irvine, Judge

Alton B. Prillaman (Osterhoudt, Prillaman, Natt, Helscher, Yost,
Maxwell & Ferguson, on brief), for appellant.

Wilson F. Vellines, Jr. (Vellines, Cobbs, Goodwin & Glass, on
brief), for appellee.


Richard Jennings Cabaniss (husband) appeals a trial court decision granting Nancy

Turner Cabaniss (wife) a divorce, ordering equitable distribution, and awarding wife spousal

support.  He contends wife failed to allege in her bill of complaint sufficient facts to support

personal jurisdiction over him, a nonresident of Virginia, under Code § 8.01-328.1(A)(9) (a

domestic relations provision of Virginia's long-arm statute) and that the court thus erred in

adjudicating the divorce proceeding.  For the reasons that follow, we affirm the trial court.

I. PROCEDURAL BACKGROUND

Wife filed a bill of complaint seeking a divorce from husband on grounds of willful

desertion and abandonment.  She also sought equitable distribution, spousal support, and other

relief.  She alleged that she was domiciled in and a bona fide resident of Virginia whereas

husband was living in the West Indies.

Wife first sought to effect service of the suit on husband by substituted service on the Secretary of the Commonwealth of Virginia, as statutory agent. Her Affidavit for Service of Process on the Secretary of the Commonwealth indicated Code § 8.01-328.1(A)(9) was the basis for service on husband, a nonresident, and gave his last known address in the West Indies. Wife finally obtained personal service on him more than a year later after locating him in Canada. In response, husband, by special appearance, filed a pleading requesting dismissal of the bill of complaint on the ground that the allegations therein were insufficient to allow the court to exercise personal jurisdiction over him. Specifically, he contended wife did not allege the parties maintained a matrimonial domicile in Virginia at the time of separation, at the time the cause of action arose, or at the time of commencement of the suit, as required by Code § 8.01-328.1(A)(9).

The trial court heard oral argument on husband's jurisdictional objection, which it overruled, after finding the allegations in the bill of complaint sufficient to implicate personal jurisdiction over husband under Virginia's long-arm statute. Husband took no other part in the divorce proceedings, except for appending his written "Objections and Exceptions" to the court's order overruling his objection to jurisdiction. Following its ruling on husband's objection, the court held an evidentiary hearing at which time wife presented evidence in support of her bill of complaint, including evidence on the jurisdictional issue. Thereafter, the court entered a final decree granting wife a divorce, ordering equitable distribution, and awarding wife spousal support, along with attorney's fees and other expenses. The decree included specific findings that husband and wife maintained a matrimonial domicile in Virginia in March 2002 when the cause of action for divorce arose and the parties separated and that the court had personal jurisdiction over husband pursuant to Code § 8.01-328.1(A)(9).

II. ANALYSIS

Husband's pleading filed with the trial court challenging personal jurisdiction was styled only as a "Special Appearance," with no express indication that it was in substance a demurrer or plea in bar. Because he sought in that pleading to dismiss the bill of complaint on grounds of insufficiency of the factual allegations to "empower the [c]ourt to exercise personal jurisdiction over [him]" under Code § 8.01-328.1(A)(9), we will consider the trial court's denial of husband's requested relief as a ruling on a demurrer.[1] While one of the main uses of a demurrer is to challenge a pleading as failing to state a cause of action or to state facts upon which relief can be granted, a demurrer is also used to assert "the lack of potential or active jurisdiction." W. Hamilton Bryson, Bryson on Virginia Civil Procedure 237 (3d ed. 1997). [2]

---

[1] It would make no difference in our decision had we deemed husband's pleading a "plea in bar," as "[t]he standards of review for a defensive plea in bar and a demurrer are substantially similar" where no evidence has been taken in support of the plea. Sullivan v. Jones, 42 Va. App. 794, 802-03, 595 S.E.2d 36, 40 (2004); see also Adkins v. Dixon, 253 Va. 275, 277, 482 S.E.2d 797, 799 (1997) (making no distinction in consolidated cases decided on defendants' demurrers and special pleas, the Supreme Court in its review "state[d] as true the facts alleged in the motions for judgment and all reasonable inferences to be drawn therefrom"). Nevertheless, because such a plea in the instant case would have presented no disputed facts, we will examine the bill of complaint "as if on demurrer." Sutton Co. v. Wise Contracting Co., 197 Va. 705, 709, 90 S.E.2d 805, 808 (1956) (superseded by statute on other grounds).

Indeed, a demurrer is the more appropriate defensive pleading for a jurisdictional challenge that is limited to the face of the complaint. A demurrer reaches "such defects as appear on the face of the pleading demurred to," which includes the omission of factual allegations "essential to the [court's] jurisdiction . . . . It is the office of a plea or of an answer to bring before the court reasons for refusing relief not appearing on the face of the bill." O'Brien v. Stephens, 52 Va. (11 Gratt.) 610, 614 (1854); see Harris v. Thomas, 11 Va. (1 Hen. & M.) 18 (1806) (explaining same principles of demurrer); see also Lucas v. Biller, 204 Va. 309, 312, 130 S.E.2d 582, 585 (1963) (explaining that an "[o]bjection for want of jurisdiction of the subject matter may be taken by demurrer"); cf. Page v. Huddleston, 126 S.E. 579, 579 (W. Va. 1925) (holding that the demurrer to the bill of complaint should have been sustained where "the bill on its face show[ed] the want of jurisdiction").

[2] While no Virginia appellate court has addressed a challenge to personal jurisdiction by demurrer in the context of factual allegations related to the requirements of Virginia's long-arm statute, as in the instant case, a number of other jurisdictions have recognized such a challenge. See, e.g., Hume v. Durwood Medical Clinic, Inc., 318 S.E.2d 119, 123 (S.C. App. 1984) (reversing trial court in overruling North Carolina defendants' demurrer to medical malpractice

For a demurrer, the standard of legal sufficiency that we apply is well established.  "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof.  We accept as true all facts properly pleaded in the bill of complaint and all reasonable and fair inferences that may be drawn from those facts."  Glazebrook v. Bd. of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003) (citations omitted). [3]  Because our review of the trial court's ruling on a demurrer challenging personal jurisdiction involves a question of law, we review the trial court's decision *de novo*.  See id.

In order to obtain personal jurisdiction over a nonresident defendant in a divorce suit "the complaint or other pleadings in the divorce suit must allege, at a minimum, a connection to Virginia that is recognized by Virginia's long-arm statute."  Price v. Price, 17 Va. App. 105, 113,

---

action for lack of personal jurisdiction under South Carolina's long-arm statute); Mobay Chemical Corp. v. Air Products and Chemicals Inc., 434 A.2d 1250, 1253 (Pa. Super. Ct. 1981) (reversing trial court in overruling defendant West Virginia corporation's demurrer to property damage action for lack of personal jurisdiction under Pennsylvania's long-arm statute); Hudson v. Hudson, 569 P.2d 521, 524 (Okla. Civ. App. 1976) (affirming trial court in sustaining non-resident defendant/former husband's demurrer to former wife's action to modify a child support order for lack of personal jurisdiction under Oklahoma's long-arm statute); Travelers Insurance Co. v. McArthur & Sons, 130 N.W.2d 852, 855 (Wis. 1964) (reversing trial court in overruling impleaded defendant Pennsylvania corporation's demurrer to cross complaint in breach of contract action for lack of personal jurisdiction under Wisconsin's long-arm statute).
    We also note that, under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for lack of personal jurisdiction based solely on the sufficiency of the plaintiff's factual allegations, and when doing so is "in effect demurring."  Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

    [3] We further note that this is essentially the same standard that the federal courts apply when reviewing a defendant's motion to dismiss for want of personal jurisdiction, pursuant to F. R. Civ. P. 12(b)(2), based on the sufficiency of the plaintiff's factual allegations (where no evidentiary hearing has been held).  See, e.g., New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (explaining, in a case involving application of the Virginia long-arm statute, that when the district court rules upon a motion to dismiss for lack of personal jurisdiction "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint," the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction" to determine if the plaintiff has made "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge" (internal quotation marks and citations omitted)).

435 S.E.2d 652, 657 (1993). The facts alleged in wife's bill of complaint relevant to the jurisdictional issue were the following: that husband and wife were married in 1982; that wife was domiciled in and a bona fide resident of Virginia, and husband lived in St. Kitts in the West Indies; that husband and wife "last lived and cohabitated together as husband and wife at 201 Johnstone Street in the City of Lexington, Virginia"; and

> [t]hat on March 19, 2002, [husband] called [wife] and informed her that the parties' marriage was over and that [husband] desired a divorce from [wife]. [Husband], by his actions in calling [wife] and telling her that he wanted a divorce and did not desire to continue the marriage, has willfully deserted and abandoned [wife] without just cause or provocation and with the intent to permanently terminate the matrimonial relationship. Said desertion has continued since March 19, 2002, without interruption. [Husband] has not returned to the matrimonial domicile with the intent to resume the matrimonial relationship nor have the parties cohabitated as husband and wife since that date.

Husband argues these allegations are insufficient for the court to assert personal jurisdiction over him under Virginia's long-arm statute. While a court with *in rem* jurisdiction may enter a divorce decree, "[p]ersonal rights, which include property and support rights in divorce cases, may not be adjudicated by a court lacking *in personam* jurisdiction." Gibson v. Gibson, 5 Va. App. 426, 429, 364 S.E.2d 518, 519 (1988) (citation omitted). "The function of our long-arm statute is to assert [*in personam*] jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." Nan Ya Plastics Corp. U.S.A. v. DeSantis, 237 Va. 255, 259, 377 S.E.2d 388, 391 (1989) (citing Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc., 218 Va. 533, 534, 238 S.E.2d 800, 802 (1977)). Specifying such activity relative to divorce proceedings, Code § 8.01-328.1(A)(9), the portion of the long-arm statute at issue here, provides as follows:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

\* \* \* \* \* \* \*

Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein . . . .

Husband contends that "a thorough reading" of this statutory provision and wife's bill of complaint demonstrates that wife did not plead "with specificity" the existence of the requisite connection between him and Virginia. He argues that wife failed to "adequately or sufficiently" allege Virginia was the matrimonial domicile at the time of their separation or any other relevant time set forth in the statute and that, moreover, wife did not "definitively" allege the date of the parties' separation. Thus, husband argues, the trial court erred in finding it possessed personal jurisdiction over husband under the long-arm statute. We disagree.

Husband is correct that, pursuant to Code § 8.01-328.1(A)(9), wife's bill of complaint was required to contain an allegation that Virginia was the parties' matrimonial domicile at the time of separation or other relevant time under the statute. In asserting the absence of such an allegation, husband points solely to paragraph five of the complaint in which it is alleged that husband and wife "last lived and cohabitated together as husband and wife at 201 Johnstone Street in the City of Lexington, Virginia." However, when the allegations in paragraphs five and six of the complaint are taken together and wife is given the benefit of the requisite inferences to be drawn from those allegations, they do constitute sufficient allegations of fact as to the parties' maintenance of a Virginia matrimonial domicile at both the time of separation and the time the cause of action for desertion arose. In paragraph six, wife alleged that "[husband's] desertion has continued since March 19, 2002, without interruption" and that "[husband] has not returned

to the *matrimonial domicile* with the intent to resume the matrimonial relationship nor have the parties cohabitated as husband and wife since that date." (Emphasis added.) It was on that date that husband informed wife that "the marriage was over" and that he "desired a divorce from [wife]." Moreover, husband made that declaration to wife "with the intent to permanently terminate the matrimonial relationship." The obvious inference to be drawn from those allegations is that the location of the parties' matrimonial domicile, at both the time of separation and the time wife's cause of action arose, was where the parties last cohabitated as husband and wife, which, as alleged in the previous paragraph five, was Lexington, Virginia. The Supreme Court has explained that "even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer . . . ." CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citation omitted).

From the allegations in wife's bill of complaint and the inferences to be drawn from them, it cannot be seriously contended on appeal that husband could have been mistaken that wife was alleging (i) that the parties had been maintaining a matrimonial domicile in Virginia at the time of their separation upon which wife's action for divorce was based; and (ii) that their separation occurred on March 19, 2002, when husband first informed wife that he wanted a divorce and then never resumed a marital relationship with her. Consequently, given husband's "conduct and connection" in and with Virginia arising out of the parties' marital relationship and the termination thereof, husband should have "reasonably anticipate[d] being haled into court [in Virginia]" as a defendant in wife's divorce action. Orchard Mgmt. Co. v. Soto, 250 Va. 343, 351, 463 S.E.2d 839, 843 (1995) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)) (internal quotation marks omitted).

- 7 -

## III.  CONCLUSION

For these reasons, we hold the trial court did not err in finding the allegations in wife's bill of complaint a sufficient factual basis for exercising personal jurisdiction over husband pursuant to Virginia's long-arm statute, and overruling husband's jurisdictional objection to those allegations.  The trial court's final decree appealed from is, therefore, affirmed.

<u>Affirmed.</u>