# CIRCUIT COURT OF THE CITY OF ROANOKE

Geraldine M. Lucas,
Administrator
of the Estate of
John Joseph Lucas, Sr.,
deceased

v.

Medical Facilities
of America, Inc., et al.

September 28, 2007

Case No. CL02001078

BY JUDGE CLIFFORD R. WECKSTEIN

Geraldine M. Lucas, John J. Lucas's widow and the administrator of his estate, asserts in this suit that Mr. Lucas's death was caused by negligence of his doctors or of personnel at Salem Health and Rehabilitation Center ("Salem Health") or of both. The threshold question is whether her claim against Salem Health will be evaluated on its merits or summarily thrown out of court.

Salem Health's owners, two limited partnerships, contend that the claim against the nursing home must be dismissed because, under the Revised Uniform Partnership Act (RUPA),[1] "a partnership is an entity distinct from its partners and a partnership is to be sued in the name of the partnership." Brief

---

[1] Va. Code §§ 50-73.79 through 50-73.149 (adopted in 1996, replacing original Uniform Partnership Act, adopted in 1918; *see* Acts 1996, c. 292; Acts 1918, p. 541).

Filed in Support of Defendant Medical Facilities of America, Inc.'s Motion for Summary Judgment and Defendants Medical Facilities of America I and Medical Facilities of America II, Limited Partnership's Demurrer and Plea in Bar, at 4 (hereafter, Defendants' Brief). Though the RUPA is the law in 43 states including Virginia,[2] this argument has been made in only a few reported cases[3] (never, apparently, in Virginia), and accepted only by the courts of Nevada. *Richard Matthews, Jr., Inc. v. Vaughn*, 91 Nev. 583, 540 P.2d 1062 (1975) (limited partnership can only be sued in partnership name). Applying familiar principles of statutory construction, I hold that the RUPA neither requires the administrator to sue each limited partnership in its own name nor otherwise bars her from proceeding with the claim against the Salem Health.

## I. *Facts*

On this threshold question, there are no material facts in dispute. For present purposes, the parties agree that, at all relevant times, Salem Health was owned by two limited partnerships, Medical Facilities of America I, Limited Partnership and Medical Facilities of America II, Limited Partnership ("the limited partnerships"). Medical Facilities of America, Inc. ("MFA, Inc.") was the general partner in each of the limited partnerships. The administrator filed this wrongful death suit just before the expiration of the two-year statute of limitations. *See* Va. Code § 8.01-244(B) (wrongful death actions "shall be brought by the personal representative of the decedent within two years after the death of the injured person"); *Riddett v. Virginia Elec. & Power Co.*, 255 Va. 23, 28, 495 S.E.2d 819 (1998) (the limitation period for bringing wrongful death action is a substantive part of the action). MFA, Inc., was named as a defendant, and was served with process. Neither of the limited

---

[2] *See* annotation following § 50-73.9 for list of states and citation to statutes.

[3] *See Baker v. Petway*, 740 So. 2d 1235, 1237 (Fla. App. 1999) (service on general partner gives court jurisdiction over partnership and authorizes it to render judgment binding on partner served, partnership property); *Fusco v. Rocky Mountain I Investments, Ltd. Partnership*, 42 Mass. App. 441, 677 N.E.2d 1165 (1997) (limited partnership may, but need not be, sued in partnership name); *Billings & Co. v. Pine Street Realty Assoc., Ltd. Partnership*, 754 F. Supp. 10 (D. R.I. 1990) (same); *Frazier v. Carlin*, 42 Colo. App. 226, 591 P.2d 1348 (1979) (limited partnership may be sued in own name or by naming all general partners; Nevada analysis rejected).

partnerships was named as a defendant. The initial motion for judgment identified MFA, Inc., as the entity doing business as Salem Health and Rehabilitation Center. The administrator has twice amended her pleadings. She named the limited partnerships as defendants, but did not do so within two years of Mr. Lucas's death.

## II. *Posture of the Case*

The only issue addressed in this opinion letter is whether the administrator can proceed with her claims against the owners and operators of Salem Health. The allegations against Mr. Lucas's physicians are not at issue here; references in this opinion letter to "defendants" are only to entities associated with Salem Health.

The case is before the court upon the administrator's second amended motion for judgment, upon a demurrer and a plea in bar filed by each of the limited partnerships, and upon a motion for summary judgment filed by MFA, Inc.

According to these defendants, it is not enough, under the RUPA, to sue and serve a limited partnership's general partner. Each limited partnership, in its own name, is an indispensable party, they argue, and failure to sue the limited partnerships dooms consideration of the merits of the claim against Salem Health. "Moreover," the defendants say, "a partner cannot be held liable for debts of the partnership unless a judgment is first obtained against the partnership and cannot be collected." Defendants' Brief, at 4.

Counsel are thoroughly familiar with the rules that I must follow when ruling on demurrers,[4] special pleas,[5] and motions for summary judgment.[6] I will not further lengthen this already-long opinion letter by repeating those rules here. Counsel also are aware that the Supreme Court of Virginia discourages trial judges from granting motions that short circuit the legal

---

[4] *See Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589 (2003); *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 575 S.E.2d 858 (2003); *Woods v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263 (2003); *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 493 S.E.2d 516 (1997).

[5] *See Glascock v. Laserna*, 247 Va. 108, 109, 439 S.E.2d 380 (1994); *Cabaniss v. Cabaniss*, 46 Va. App. 595, 600, 620 S.E.2d 559 (2005).

[6] *See* Rule 3:20.

process, deprive a litigant of his or her day in court, and deprive the Supreme Court of an opportunity to review a thoroughly developed record on appeal. *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven, Ltd.*, 253 Va. 93, 95, 480 S.E.2d 471 (1997) (internal citations omitted).

I begin my analysis at the logical starting place, a discussion of the statutory scheme and the common law.

### III. *Analysis*

#### A. *The Common Law and the Partnership Acts*

Virginia has adopted both the Revised Uniform Limited Partnership Act, Va. Code § 50-73.1 *et seq.* ("Limited Partnership Act") and the RUPA. In situations not covered by the Limited Partnership Act, the RUPA governs. Va. Code § 50-73.75; *see IMWA Equities IX Co. v. WBC Assoc., Ltd. Partnership*, 961 F.2d 480, 482 (4th Cir. 1992). And, in turn, "the principles of law and equity" supplement the RUPA, "[u]nless displaced by particular provisions" of the RUPA." Va. Code § 50-73.82; *see McCormick v. Romans*, 214 Va. 144, 147, 198 S.E.2d 651 (1973); *Hoover's Ex'rs v. Bowers, Hoover & Co.*, 146 Va. 84, 135 S.E. 698 (1926). We turn, then, to those principles of law and equity, to the common law. "The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly." Va. Code § 1-200.

"At common law, a partnership could neither sue nor be sued in the firm name, because it was not recognized as a separate entity." *See McCormick*, 214 Va. at 147 (Uniform Partnership Act does not change common law rules; partnership name need not be in caption of suit). The RUPA, in derogation of the common law, that is, partially altering or abolishing it, says that a partnership is "an entity distinct from its partners," Va. Code § 50-73.87, one that "may sue and be sued in the name of the partnership." Va. Code § 50-73.97. To say that a partnership *may* be sued in its own name is quite a different thing from saying that it *must* be sued in that name.

When the legislature adopts a statute that is in derogation of the common law, "only those parts of the common law directly altered by the statute are deemed to be changed." *Couplin v. Payne*, 270 Va. 129, 136, 613 S.E.2d 592 (2005). The common law *status quo* is protected by a presumption that no change in the common law is intended unless the change is expressly stated or necessarily implied. *Boyd v. Commonwealth*, 236 Va. 346, 349, 374 S.E.2d 301 (1988). The General Assembly must "manifest plainly" its

intention for the statute to change the common law, and a statute will abrogate a common law rule "only to the extent that its terms are directly and irreconcilably opposed to the rule." *Id.*

## B. *Determining Legislative Intent*

Courts determine the legislature's intention from the words used in a statute "unless a literal interpretation would result in a manifest absurdity." *Homer v. Department of Mental Health, Mental Retardation, and Substance Abuse Services, Western Hospital*, 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Barr v. Town & Country Properties, Inc.*, 240 Va. 292, 295, 396 S.E.2d 672 (1990). Courts are "not free to add language, or ignore language, contained in statutes." *In re Hannett*, 270 Va. 223, 233, 619 S.E.2d 465 (2005).

In the RUPA, the General Assembly chose to say that partnerships *may* be sued in their own names. Va. Code § 50-73.97. "May" is a word generally used to give permission, to connote something that is allowable, but not required. *See Calcote v. Fraser Forbes Co., L.L.C.*, 270 Va. 399, 406, 621 S.E.2d 403 (2005). "[T]he word 'shall' is primarily mandatory in effect, and 'may' is primarily permissive in effect," although, on occasion, "courts, in endeavoring to arrive at the meaning of written language . . . will construe 'may' and 'shall' as permissive or mandatory in accordance with the subject matter and context." *TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 263 Va. 116, 121-22, 557 S.E.2d 199 (2002) ("May" used permissively, giving either party the right to choose arbitration. Once arbitration was chosen, however, participation in it was mandatory.). The subject matter and context of § 50-73.97, indicate that "may" means "may"; it does not mean "shall." In this case, the context includes statutes *in pari materia.*

## C. *Statutes in Pari Materia*

The Code of Virginia "is one act and is to be construed as a whole." *Good v. Commonwealth*, 155 Va. 996, 1001, 154 S.E. 477 (1930). When a controversy requires consideration of multiple statutes, they must "be read and construed together in order to give full meaning, force, and effect to each. Moreover . . . courts read related statutes *in pari materia* in order to give,

when possible, consistent meaning to the language used by the General Assembly." *Washington v. Commonwealth*, 272 Va. 449, 455, 634 S.E.2d 310, 314 (2006). (Statutes *in pari materia*, by definition, have the same general or common purpose, are parts of the same general plan, "relate to the same person or thing, the same class of persons or things or to the same subject or to closely connected subjects or objects." *Lucy v. County of Albemarle*, 258 Va. 118, 129, 516 S.E.2d 480 (1999).)

Virginia's statutory scheme for service of process on partnerships involves related statutes *in pari materia*. These statutes explicitly provide at least two distinct ways in which suit papers may be served upon limited partnerships. One way is found in the civil procedure title of the Code; the other is in the Limited Partnership Act.

The first of these statutes, § 8.01-304, is captioned "How process served on copartner or partnership." Shorn of irrelevant words, this statute reads:

> [P]rocess against a . . . partnership . . . served upon a general partner . . . shall be deemed service upon the partnership . . . provided the matter in suit is a partnership matter.
>
> Provided further that process may be served upon a limited partner in any proceeding to enforce a limited partner's liability to the partnership.

(In 1977, Title 8 of the Code of Virginia, the Civil Procedure title, was revised and recodified as Title 8.01. The "Revisers' Note" to § 8.01-304 is helpful. "Section 8.01-304," it reads, "draws a distinction between general partnerships and limited partnerships. The section makes no substantive change to former § 8-59.1 but clarifies the manner in which service may be made on a limited partnership as provided by § 50-73.7. Because the general partner controls the business, process must be served on a general rather than a limited partner unless the action is to enforce the limited partner's liability to the partnership.")

The pleadings filed by the limited partnerships and MFA, Inc., make it clear, at least at this stage of proceedings, that operation of Salem Health is "a partnership matter," and that the provision of care to Mr. Lucas was "a partnership matter." The language of § 8.01-304 requires one to engage in mental gymnastics in order to say, as the defendants would have me say, that process served on the general partner in a case in which the matter in suit is a partnership matter is *not* to "be deemed service upon the partnership."

The Limited Partnership Act requires every limited partnership to have a registered agent and a registered office in Virginia. Va. Code § 50-73.4(A)(2); *also see* § 50-73.7(B) (The Clerk of the State Corporation Commission is deemed to be the registered agent if none be appointed or can be located.). That registered agent's "sole duty" is to forward to the limited partnership "any process, notice, or demand that is served on the registered agent." Va. Code § 50-73.4(B). Under § 50-73.7 ("Service on limited partnership") "[a] limited partnership's registered agent is the limited partnership's agent for service of process, notice, or demand required or permitted by law to be served on the limited partnership." Assuring harmony with § 8.01-304, however, § 50-73.7 states that "[t]his section does not prescribe the only means, or necessarily the required means, of serving a domestic or foreign limited partnership." Va. Code § 50-73.7.

Another statute *in pari materia* is § 50-73.95. Under that statute, which is a part of the RUPA, "[a] partnership is liable for loss or injury caused to a person . . . as a result of a wrongful act or omission, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership. . . ." Va. Code § 50-73.95.

Reading the pleadings as I must at this stage of the proceedings,[7] the administrator has alleged, in her initial pleading and thereafter, that Mr. Lucas's death was a result of wrongful acts or omissions or other actionable conduct of MFA, Inc., in the operation of Salem Health. The defendants have admitted, or proclaimed, from their initial pleadings forward, that MFA, Inc., is the general partner in each of the limited partnerships that own and operate Salem Health. The defendants' admissions lead to, at least, the inference that Salem Health was operated in the ordinary course of business of the partnerships. Giving the administrator the benefit of the defendants' admissions and of all of the inferences that can be drawn in her favor from her initial motion for judgment, I cannot say that the administrator has failed to plead an actionable claim.

## D. *Liability of General Partner*

The defendants rely on the provisions of § 50-73.97 to support the assertion that a creditor must have an unsatisfied judgment against the partnership, in its own name, before the creditor can proceed against a partner.

---

[7] *See, e.g., Fuste,* 265 Va. at 132; *Glascock,* 247 Va. at 380.

This issue is for another day, if at all. Enforcement or collectibility of a judgment, though, does not affect the court's power to act. I also note that another statute *in pari materia,* a portion of the Limited Partnership Act, clearly states that:

> Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.

Va. Code § 50-73.29(B).

## IV. *Conclusion*

The court overrules each limited partnership's demurrer and special plea and denies MFA, Inc.'s motion for summary judgment.

Counsel, orally and on brief, have discussed a number of things that, in my view of the case, were not relevant to the issues that the court had to decide. I have therefore not discussed those things. I anticipate no need to discuss them in the future.

It is now time to move past the question of whether Salem Health's owners and operators are properly before the court. Service on the general partner, MFA, Inc., was effective service on the limited partnerships. In Virginia, there is nothing in case law or the Code to suggest that any "magic words" or special formulation is necessary to make the partnerships parties when their general partner is served, nor have these defendants suggested that, if the argument that they made is rejected, they will pursue an alternative dilatory argument. (Put differently, on this subject, the defendants followed the immortal advice of Mark Twain: "Put all your eggs in the one basket and – WATCH THAT BASKET." Twain, Mark (Samuel L. Clemens), *Pudd'nhead Wilson, ch. 15, Pudd'nhead Wilson's Calendar* (1894), in *The Family Mark Twain* (Harper & Row, Publishers, Inc., 1972), Vol. II, at 958. The argument that the RUPA requires a partnership to be sued in the partnership's name is the basket that they chose.) The common law of Virginia, unchanged by uniform acts, did not require the partnership's name to be in the caption of the suit. *See McCormick v. Romans,* 214 Va. 144, 147, 198 S.E. 2d 651 (1973).

214

At common law, "[s]ervice of a partner is always good service of the firm, and notice to a partner is always notice to the firm." *Ferry & Co. v. Mattox & Turner*, 2 Ga. App. 104, 58 S.E. 291, 292 (1907). The plaintiff's original motion for judgment was (as is obvious from the motions and briefs) sufficient to notify all of the currently-named defendants that the object of this suit is "a partnership matter," and that the suit is brought against (among others) the owners of Salem Health and Rehabilitation Center. *See* § 8.01-288. "Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter."

The order will allow the Salem Health defendants 21 days (or any other reasonable amount of time the defendants asks for) within which to file answers. Finally, and separately, will counsel please collaborate on and tender a scheduling order.