COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Alston and Senior Judge Willis


TAHIRA NASEER
                                                         MEMORANDUM OPINION[*]
v.      Record No. 0301-12-4                                  PER CURIAM
                                                           AUGUST 14, 2012
HAMID MOGHAL


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                               Robert J. Smith, Judge

              (Fred M. Rejali, on brief), for appellant.  Appellant submitting on
              brief.

              (Thomas P. Silis; Mari P. Dorn-Lopez; Silis & Associates, PLLC, on
              brief), for appellee.  Appellee submitting on brief.


        Tahira Naseer (wife) appeals from an order granting Hamid Moghal's (husband) complaint

for annulment based on bigamy.  Wife argues that the trial court (1) did not have subject-matter

jurisdiction to hear and rule on this matter; (2) erred by entering an order annulling the marriage

when the grounds for annulment were not established by corroborated testimony; (3) erred when it

accepted the testimony of Farman Ellahi as an expert witness when he was neither offered nor

accepted as an expert witness by the trial court; (4) erred when it allowed Ellahi to opine about the

ultimate issue at stake in this matter; (5) erred in admitting the expert's report[1] and giving

substantial weight to the testimony of the expert witness because it contained gross misstatements;

and (6) erred when it entered an order annulling the marriage because it went against the weight of

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband did not offer a report from his expert witness as evidence at trial.  Therefore,
we will not consider this portion of the assignment of error.

the evidence presented and the grounds were not proven by clear and convincing testimony.  We find no error, and affirm the decision of the trial court.

BACKGROUND

On August 1, 2000, wife married Nasir Mehmood Khan in Pakistan.  On June 12, 2001, Khan told wife three times that he divorced her pursuant to Islamic law.  In Pakistan, this is considered the religious component to a divorce.  Then, the parties have to obtain a legal divorce.  Once the husband pronounces the divorce, he gives notice to the local government, known as the Union Council, and the wife receives a copy.  The Union Council gives notices to both parties to try to reconcile.  After ninety days, if there is no reconciliation between the parties, the Union Council issues a certificate confirming the divorce.  In this case, wife and Khan did not give notice to the Union Council to start the process to receive a legal divorce in Pakistan.  Wife assumed she was divorced after Khan said that he divorced her three times.

On January 26, 2003, wife and husband married in Pakistan, and on July 4, 2004, had a subsequent marriage ceremony in Fairfax County, Virginia.  Wife did not tell husband that she had been previously married.  She indicated on their marriage certificate that this was her first marriage.  Husband and wife separated on November 18, 2009.

On December 3, 2009, husband discovered a marriage certificate from wife's first marriage.  He took the document with him on his trip to Pakistan, where he learned that wife never obtained a legal divorce from Khan.  The Pakistani authorities issued an arrest warrant for wife and charged her with bigamy.  Wife filed a Suit for Declaration in Pakistan, and on July 19, 2011, the Pakistani court finalized the divorce between wife and Khan.

On February 22, 2011, husband filed a complaint for annulment, alleging that wife committed bigamy by marrying husband while she was still legally married to Khan.  Wife filed an answer and counterclaim for divorce.  On January 17, 2012, the trial court heard evidence and

argument from the parties and granted the annulment. The trial court memorialized its ruling in an order entered on January 20, 2012. This appeal followed.

ANALYSIS

Issue 1: Subject-matter jurisdiction

Wife argues that the trial court did not have subject matter jurisdiction over the proceeding because no evidence was introduced to prove that either party was a bona fide resident and domiciliary of Virginia.

"'[S]ubject matter jurisdiction . . . is the authority granted through constitution or statute to adjudicate a class of cases or controversies.'" Ghameshlouy v. Commonwealth, 279 Va. 379, 389, 689 S.E.2d 698, 703 (2010) (quoting Bd. of Supervisors v. Bd. of Zoning Appeals, 271 Va. 336, 344, 626 S.E.2d 374, 379 (2006)); see also Prizzia v. Prizzia, 58 Va. App. 137, 160, 707 S.E.2d 461, 472 (2011).

The General Assembly established subject matter jurisdiction for cases of annulment in Code §§ 20-96 and -97. According to Code § 20-96, the circuit court has jurisdiction over suits for annulment. Code § 20-97 provides: "[n]o suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties is and has been an actual bona fide resident and domiciliary of this Commonwealth for at least six months preceding the commencement of the suit . . . ."

Wife contends there was insufficient evidence to prove that either party was a resident and domiciliary of Virginia for the requisite time period. Wife admits that she and husband married in Fairfax County in 2004; however, she states that there is no further evidence of when they lived in Virginia.

Wife did not challenge the trial court's subject matter jurisdiction; however, the issue can be raised at any time. Prizzia, 58 Va. App. at 161, 707 S.E.2d at 472.

- 3 -

Pleadings can be used to establish jurisdiction. See Cabaniss v. Cabaniss, 46 Va. App. 595, 601, 620 S.E.2d 559, 561 (2005) (pleadings established personal jurisdiction); Price v. Price, 17 Va. App. 105, 113, 435 S.E.2d 652, 658 (1995) (pleadings established *in rem* jurisdiction).

Here, husband's complaint for annulment stated the current Virginia address of each party and that both parties were domiciled in and bona fide residents of Virginia for the past six months. In her answer, wife admitted to husband's allegations regarding their residences and stated affirmatively in her counterclaim their current Virginia addresses and that she was domiciled in and a bona fide resident of Virginia for more than six months prior to the commencement of the suit. She also provided the Virginia address of where they last cohabited as husband and wife.

In addition to the pleadings, several documents were introduced to establish the parties' addresses. First, the application for Virginia marriage license was introduced. It established that both parties lived in Virginia in 2004. Second, a protective order issued by the Fairfax County Juvenile and Domestic Relations District Court on December 3, 2009 was introduced. The protective order established the parties' address in Virginia and states that it is the marital home. Third, wife introduced her Suit for Declaration in which she provides her Virginia address. She signed the Suit for Declaration on August 17, 2010. The address that she states in her Suit for Declaration is the same address at which the complaint for annulment was served. It also is the same address that she lists in her counterclaim as her address.

The pleadings and the exhibits established that the parties had been domiciled in and residents of Virginia for the requisite time period; therefore, the trial court had subject matter jurisdiction over this matter.

<u>Issue 2:  Corroborating testimony</u>

Wife argues that the trial court erred in granting the annulment because there was no corroborating evidence concerning each party's bona fide residence.

Code § 20-99(1) states, "No divorce, annulment, or affirmation of a marriage shall be granted on the uncorroborated testimony of the parties or either of them."

"The purpose of requiring corroboration is to prevent collusion by the parties in obtaining a divorce.  Where it is apparent that there is no collusion . . . , the corroboration needs to be only slight."  <u>Venable v. Venable</u>, 2 Va. App. 178, 184, 342 S.E.2d 646, 650 (1986) (citation omitted).

Here, there was no evidence of collusion between the parties; therefore, there only needed to be slight corroboration.  As explained above, there was sufficient corroborating evidence before the trial court to establish the parties' residence in Virginia.  The pleadings and exhibits all established that both parties were domiciled in and bona fide residents of Virginia.

<u>Issues 3 and 4:  Rule 5A:18</u>

Wife argues that the trial court erred in (a) accepting the testimony of Farman Ellahi as an expert witness when he was neither offered nor accepted as an expert witness by the trial court and (b) allowing Ellahi to opine about the ultimate issue in this matter.

At trial, wife did not object to Ellahi's testimony.  She did not object to Ellahi offering his opinion as to whether she was divorced from Khan.  It was not until she filed her objections on February 10, 2012, twenty-one days after the entry of the final order, in which wife raised her objections for the first time.

Pursuant to Rule 5A:18, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Wife's objections were not timely, since she waited twenty-one days after the entry of the order to note her objections as to whether Ellahi was properly offered as an expert witness and whether he could opine about the ultimate issue in the case. See also Bitar v. Rahman, 272 Va. 130, 139, 630 S.E.2d 319, 324 (2006) ("As this Court, however, has stated, '[a]n objection to the admissibility of evidence must be made when the evidence is presented. The objection comes too late if the objecting party remains silent during its presentation and brings the matter to the court's attention by a motion to strike made after the opposing party has rested.'" (quoting Kondaurov v. Kerdasha, 270 Va. 356, 364, 619 S.E.2d 457, 461 (2005))). Therefore, we will not consider wife's third and fourth assignments of error.

### Issue 5: Expert witness[2]

Wife argues that the trial court erred in giving substantial weight to Ellahi's testimony when the testimony contained gross misstatements. Wife contends Ellahi was not as credible as her expert witness, Jahangir Ghobadi. Ellahi testified that in order to be divorced in Pakistan, a person had to obtain a legal divorce, not just a religious divorce. Wife did not obtain a legal

---

[2] As the trial court noted, neither party asked that Ellahi and Ghobadi be declared expert witnesses; however, both parties treated Ellahi and Ghobadi as experts. The trial court also treated them as experts. For purposes of this opinion, we will assume, but not decide, that Ellahi and Ghobadi were expert witnesses in this matter.

divorce from Khan until after she married husband. Ghobadi testified that based on Islamic law, wife was divorced and that Islamic law controls.

"Where experts offer conflicting testimony, it is within the discretion of the trial court to select either opinion." Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997) (citing Reid v. Reid, 7 Va. App. 553, 563, 375 S.E.2d 533, 539 (1989)). "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted). "In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion." Id. at 387, 488 S.E.2d at 668-69 (citation omitted).

The trial court had the opportunity to see and hear Ellahi and Ghobadi. The trial court noted that Ellahi was a Pakistani lawyer, and Ghobadi was not. It held that Ellahi was a "better qualified expert to interpret the law" based on his background and experience. The trial court did not err in accepting Ellahi's testimony and giving it more weight than Ghobadi's testimony.

<u>Issue 6: Grounds for annulment</u>

Wife argues that the trial court erred in granting the annulment because there was insufficient evidence to prove bigamy.

"A marriage entered into prior to the dissolution of an earlier marriage of one of the parties" is prohibited. Code § 20-38.1(1).

> When a marriage is alleged to be void or voidable for any of the causes mentioned in §§ 20-13, 20-38.1, 20-45.1 or by virtue of fraud or duress, either party may institute a suit for annulling the same; and upon proof of the nullity of the marriage, it shall be decreed void by a decree of annulment.

Code § 20-89.1(a).

The burden of proof in an annulment case based on bigamy is "clear and convincing." Rahnema v. Rahnema, 47 Va. App. 645, 665, 626 S.E.2d 448, 458 (2006).

On December 3, 2009, husband discovered wife was previously married when his friend, Raha Rehman, found her marriage certificate to Khan. Rehman confirmed that husband was shocked to learn that wife had been married. Wife had not told husband about her prior marriage. She incorrectly stated on their application for a marriage license in Virginia that her marriage to husband was her first marriage.

Husband testified that he went to Pakistan and investigated wife's marriage. There, he learned that she never divorced Khan. Husband submitted documentation from Pakistan to prove that she was being charged with bigamy and a warrant for her arrest was outstanding. Ellahi explained Pakistani law and how one obtains a religious and legal divorce in Pakistan. Even if a couple obtains a religious divorce, they still need to file the appropriate paperwork with the Pakistani officials to obtain a legal divorce. There was evidence that neither wife nor Khan filed the appropriate divorce paperwork in 2001 after Khan told her that he divorced her.

Wife testified that she obtained a religious divorce, but was not familiar with the legal divorce process in Pakistan. When she married husband, she believed that she was divorced from Khan because of her family's religious beliefs. Even though wife married husband "in good faith," but mistaken belief that she was divorced, "it will not render a void marriage valid." Toler v. Oakwood Smokeless Coal Corp., 173 Va. 425, 435, 4 S.E.2d 364, 368 (1939).

Once wife learned about the legal process, she filed the necessary paperwork; however, she did so after she married husband. Wife submitted evidence that she filed a Suit for Declaration, dated August 7, 2010, in Pakistan. In her pleading, she asked Pakistan to award her a divorce from Khan effective back to the religious divorce in 2001. She also submitted a copy of the order from the Pakistan court which stated, in part, "it is held that divorce between

plaintiff and the defendant Nasir Mehmood pronounced on 12-06-2001, has become effective according to law." The order is dated July 19, 2011.

Wife contends the Pakistani order makes the divorce retroactive to 2001. Husband asserts the divorce is effective as of July 19, 2011. Husband's expert testified that Pakistani divorces are not retroactive.

The trial court found that the testimony of husband and his witnesses was more credible than the testimony of wife and her witnesses. The trial court held that wife hid her prior marriage from husband and that she was still married when she married husband.

Husband carried his burden of clear and convincing evidence to prove that wife had not obtained a legal divorce from Khan before she married husband. Therefore, the marriage between husband and wife was bigamous. The trial court did not err in granting husband an annulment.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.