UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata

MILFORD WASHINGTON

v.      Record No. 1221-14-3

FAYE DENISE LUCAS

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 30, 2014

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

(Milford Washington, *pro se*, on brief).  Appellant submitting on brief.

No brief for appellee.

Milford Washington appeals an order dismissing his "Petition for Separate Maintenance and Transitional Support."  Washington argues that the circuit court erred by (1) finding that it did not have jurisdiction to hear his petition for separate maintenance; (2) ruling that his "pleadings failed to articulate a specific separation date;" (3) ruling that his "claims for separate maintenance were not liquidated and that he claimed no specific amount of support;" and (4) basing its "jurisdictional decision upon the long arm statute, rather than the Uniform Interstate Family Support Act." Assuming without deciding that Washington preserved his arguments, this Court concludes that the circuit court did not err.  Accordingly, the decision of the circuit court is affirmed.

BACKGROUND

Washington and Faye Denise Lucas were married on December 15, 2004, while Washington was incarcerated in Virginia.  He has remained incarcerated throughout their marriage. Lucas is a resident of Maryland.  In 2006, Lucas filed for divorce in Maryland, but the Maryland

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court dismissed the case because of lack of service. In 2013, Washington filed a "Petition for Separate Maintenance and Transitional Support" in Augusta County, Virginia. Washington asked the circuit court to order Lucas to pay him "separate maintenance and transitional support" and give him, pursuant to Code § 20-107.3, a "lump sum award as to property of [Lucas]." Lucas was personally served with Washington's petition in Maryland, where she is a resident. She did not make an appearance in Virginia. Upon receiving no response from Lucas, Washington made a motion for default judgment.

On February 28, 2014, the circuit court issued a letter opinion. The circuit court determined that Washington's pleadings did not establish that Lucas ever resided in Virginia or that a "matrimonial residence was ever established anywhere, much less that one was established in Virginia." Therefore, the circuit court held that it lacked personal jurisdiction over Lucas as required by Code § 8.01-328.1(A)(9). On March 25, 2014, the circuit court entered an order dismissing the matter. This appeal followed.

ANALYSIS

Washington argues that the circuit court erred in determining that it did not have personal jurisdiction over Lucas. Washington acknowledges that Lucas is a resident of Maryland and has resided there throughout their marriage. He does not allege that they had a matrimonial domicile in Virginia because he has been incarcerated in Virginia since they were married.

Code § 8.01-328.1(A)(9) defines how a circuit court may obtain jurisdiction over a non-resident in a suit for divorce *or* separate maintenance.

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
>    \*    \*    \*    \*    \*    \*    \*
>
> Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which

- 2 -

grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein . . . .

Code § 8.01-328.1(A)(9).

In order to adjudicate support issues, a circuit court needs to have *in personam* jurisdiction over the parties. Cabaniss v. Cabaniss, 46 Va. App. 595, 602, 620 S.E.2d 559, 562 (2005); see also Price v. Price, 17 Va. App. 105, 435 S.E.2d 652 (1993); Hayes v. Hayes, 3 Va. App. 499, 505, 351 S.E.2d 590, 593 (1986). A court may obtain personal jurisdiction over a non-resident through the use of Virginia's long-arm statute, Code § 8.01-328.1. Cabaniss, 46 Va. App. at 601, 620 S.E.2d at 561. "'The purpose of our "long arm statute" is to assert jurisdiction, to the extent permissible under the Due Process Clause of the Constitution of the United States, over nonresidents who engage in some purposeful activity in Virginia.'" Bergaust v. Flaherty, 57 Va. App. 423, 429, 703 S.E.2d 248, 251 (2011) (quoting Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc., 218 Va. 533, 534, 238 S.E.2d 800, 802 (1977)). "In adopting Code § 8.01-328.1, 'the legislature evinced a policy of extending the jurisdiction of its courts to the maximum extent permitted' by due process." Id. at 430, 703 S.E.2d at 251 (quoting Caldwell v. Seaboard S. R., Inc., 238 Va. 148, 153, 380 S.E.2d 910, 912 (1989)).

Lucas was personally served in Maryland and is a legal resident of Maryland. She never made an appearance in this case. The parties never established a matrimonial domicile in Virginia.[1] Therefore, the trial court did not err in concluding that pursuant to Code § 8.01-328.1(A)(9), it did

---

[1] Matrimonial domicile has been defined as "[a] domicile that a husband and wife, as a married couple, have established as their home." Black's Law Dictionary 593 (10th ed. 2009); see also Harrison v. Harrison, 58 Va. App. 90, 102, 706 S.E.2d 905, 911-12 (2011).

- 3 -

not have personal jurisdiction over Lucas to adjudicate Washington's petition for separate maintenance.[2]

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.

---

[2] Considering the holding in this case, this Court does not need to address Washington's other assignments of error. See Kilby v. Culpeper Cnty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) (internal quotations and citations omitted) ("an appellate court decides cases on the best and narrowest ground available").